# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| MARILYN OVERALL, on behalf of herself, individually, and on behalf of all others similarly situated, | ) ) ) | Civil No. 13-cv-11396-AC-LJM |
| | ) | Hon. Avern Cohn |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ASCENSION HEALTH, et al. | ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

| | |
|---|---|
| Lynn L. Sarko<br>Havila C. Unrein<br>Matthew M. Gerend<br>KELLER ROHRBACK L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Tel: (206) 623-1900<br>Email: lsarko@kellerrohrback.com<br>hunrein@kellerrohrback.com<br>mgerend@kellerrohrback.com | Karen L. Handorf<br>Michele C. Yau<br>COHEN MILSTEIN SELLERS &<br>TOLL, PLLC<br>1100 New York Avenue, N.W.<br>Suite 500, West Tower<br>Washington, D.C.  20005<br>Tel: (202) 408-4600<br>Email:  khandorf@cohenmilstein.com<br>myau@cohenmilstein.com |
| Ron Kilgard<br>Laurie Ashton<br>KELLER ROHRBACK, L.L.P.<br>3101 N. Central Avenue, Suite 1400<br>Phoenix, AZ 85012<br>Tel: (602) 248-0088<br>Email:  rkilgard@kellerrohrback.com<br>lashton@kellerrohrback.com | Stephen F. Wasinger<br>STEPHEN F. WASINGER PLC<br>300 Balmoral Centre<br>32121 Woodward Avenue<br>Royal Oak, MI  48073-0999<br>Tel: (248) 544-1500<br>Email: sfw@sfwlaw.com<br>ID: P25963 |
| **Counsel for Plaintiff** | |

Plaintiff ("Named Plaintiff"), by and through by Keller Rohrback L.L.P., Cohen Milstein Sellers & Toll, PLLC, and Stephen F. Wasinger PLC ("Class Counsel"), respectfully move the Court for an Order (1) preliminarily approving the Settlement Agreement described herein; (2) preliminarily certifying the proposed Class pursuant to the Federal Rules of Civil Procedure 23(b)(1) and/or 23(b)(2); (3) approving the form and method of Class Notice; and (4) setting a date and time for a hearing (the "Final Fairness Hearing") for consideration of final approval of the Settlement Agreement, of attorneys' fees and costs, and of a potential Incentive Fee to the Named Plaintiff.

DATED May 7, 2015.

*s/ Lynn L. Sarko*
Lynn L. Sarko
Havila C. Unrein
Matthew M. Gerend
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384
Email: lsarko@kellerrohrback.com
hunrein@kellerrohrback.com
mgerend@kellerrohrback.com

Ron Kilgard
Laurie Ashton
KELLER ROHRBACK, L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088 / Fax: (602) 248-2822
Email:  rkilgard@kellerrohrback.com
lashton@kellerrohrback.com

Karen L. Handorf
Michele C. Yau
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005
Tel: (202) 408-4600 / Fax: (202) 408-4699
Email:  khandorf@cohenmilstein.com
myau@cohenmilstein.com

Stephen F. Wasinger
STEPHEN F. WASINGER PLC
300 Balmoral Centre
32121 Woodward Avenue
Royal Oak, MI  48073-0999
Tel: (248) 544-1500 / Fax: (248) 544-1501
Email: sfw@sfwlaw.com
ID: P25963

Of Counsel:
Bruce F. Rinaldi
Matthew A. Smith
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005
Tel: (202) 408-4600 / Fax: (202) 408-4699
Email:  brinaldi@cohenmilstein.com
msmith@cohenmilstein.com

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Michael P. Coakley (P34578)
Mary Kate Griffith (P72284)
**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
150 West Jefferson, Suite 2500
Detroit, MI 48226
Tel: (313) 963-6420
Email: coakley@millercanfield.com
Griffith@millercanfield.com

Howard Shapiro
Robert W. Rachal
Stacey C. S. Cerrone
**PROSKAUER ROSE, LLP**
650 Poydras Street, Suite 1800
New Orleans, LA  70130
Telephone: (504) 310-4085
Fax (504) 310-2022
Email: howshapiro@proskauer.com
rrachal@proskauer.com
scerrone@proskauer.com
*Counsel for Defendants*

                              *s/ Lynn L. Sarko*
                              Lynn L. Sarko
                              KELLER ROHRBACK L.L.P.
                              1201 Third Avenue, Suite 3200
                              Seattle, WA 98101
                              Tel: (206) 623-1900
                              Fax: (206) 623-3384
                              Email:  lsarko@kellerrohrback.com

Page 3

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARILYN OVERALL, on behalf of herself, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ASCENSION HEALTH, et al.<br><br>　　　　　　　　Defendants. | Civil No. 13-cv-11396-AC-LJM<br><br>Hon. Avern Cohn |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

| | |
|---|---|
| Lynn L. Sarko<br>Havila C. Unrein<br>Matthew M. Gerend<br>KELLER ROHRBACK L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Tel: (206) 623-1900<br>Email: lsarko@kellerrohrback.com<br>hunrein@kellerrohrback.com<br>mgerend@kellerrohrback.com | Karen L. Handorf<br>Michelle C. Yau<br>COHEN MILSTEIN SELLERS & TOLL, PLLC<br>1100 New York Avenue, N.W.<br>Suite 500, West Tower<br>Washington, D.C.  20005<br>Tel: (202) 408-4600<br>Email:  khandorf@cohenmilstein.com<br>myau@cohenmilstein.com |
| Ron Kilgard<br>Laurie Ashton<br>KELLER ROHRBACK, L.L.P.<br>3101 N. Central Avenue, Suite 1400<br>Phoenix, AZ 85012<br>Tel: (602) 248-0088<br>Email: rkilgard@kellerrohrback.com<br>lashton@kellerrohrback.com | Stephen F. Wasinger<br>STEPHEN F. WASINGER PLC<br>300 Balmoral Centre<br>32121 Woodward Avenue<br>Royal Oak, MI  48073-0999<br>Tel: (248) 544-1500<br>Email: sfw@sfwlaw.com<br>ID: P25963 |
| **Counsel for Plaintiff** ||

# TABLE OF CONTENTS

CONCISE STATEMENT OF THE ISSUES PRESENTED: ............................... i

CONTROLLING OR MOST APPROPRIATE AUTHORITY: .......................... ii

I.  INTRODUCTION ................................................................................1

II.  DISCUSSION.....................................................................................2

    A.  Procedural History .................................................................2

    B.  Settlement Negotiations ........................................................4

    C.  Terms of the Settlement Agreement.....................................5

    D.  Reasons for the Settlement....................................................7

III.  PROPOSED SCHEDULE ................................................................8

IV.  DISCUSSION...................................................................................9

    A.  The Settlement Merits Preliminary Approval......................9

    B.  Final Approval Criteria Support Preliminary Approval...................10

        1.  There is no risk of fraud or collusion. ...................................11

        2.  The complexity, expense and likely duration favor settlement.................................................................12

        3.  The absence of formal discovery does not disfavor settlement.................................................................13

        4.  The likelihood of Plaintiff's success weighed against the consideration offered in the settlement favors approval. ...................................................14

        5.  The judgment of experienced trial weigh in favor of approval. .............................................................18

        6.  Evaluation of objections is premature. ...................................18

7.   The settlement's consistency with public interest
      favors approval. ................................................................18

C.   Certification of the Class is also Appropriate ..................................19

1.   The proposed Class satisfies the requirements of
      Rule 23(a) .......................................................................20

2.   The Class satisfies the requirements of Rule
      23(b)(1) and (b)(2) ...........................................................22

      a.   Individual actions would create inconsistent
            adjudications or be dispositive of the interests
            of absent members ......................................................22

      b.   Defendants Have Acted on Grounds
            Generally Applicable to the Class and Relief
            for the Class as a Whole Is Appropriate .....................23

3.   Rule 23(g) is satisfied .........................................................24

D.   The Proposed Notice Satisfies Rule 23 and Due Process
      Requirements ....................................................................25

V.   CONCLUSION ..........................................................................26

# TABLE OF AUTHORITIES

## Cases

*In re Am. Med. Sys., Inc.*,
    75 F.3d 1069 (6th Cir. 1996)..............................................................................20

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)........................................................................................19

*Berger v. Xerox Corp. Ret. Income Guarantee Plan*,
    338 F.3d 755 (7th Cir. 2003)............................................................................24

*Berry v. Sch. Dist. of City of Benton Harbor*,
    184 F.R.D. 93 (W.D. Mich. 1998)...............................................................9, 19

*Bublitz v. E.I. du Pont de Nemours & Co.*,
    202 F.R.D. 251 (S.D. Iowa 2001) ....................................................................24

*In re Cardizem CD Antitrust Litig.*,
    218 F.R.D. 508 (E.D. Mich. 2003)..............................................................12, 19

*Carson v. Am. Brands, Inc.*,
    450 U.S. 79 (1981)..........................................................................................10

*Chavies v. Catholic Health East*
    (E.D. Pa. Mar. 28, 2014) ..................................................................................15

*In re CMS Energy ERISA Litig.*,
    225 F.R.D. 539 (E. D. Mich. 2004)..................................................................22

*In re Dun & Bradstreet Credit Servs. Customer Litig.*,
    130 F.R.D. 366 (S.D. Ohio 1990) .....................................................................11

*Franks v. Kroger Co.*,
    649 F.2d 1216 (6th Cir. 1981),
    *vacated on other grounds and modified*, 670 F.2d 71 (1982) ..............................9

*Granada Invs., Inc. v. DWG Corp.*,
    962 F.2d 1203 (6th Cir. 1992)..........................................................................19

*Griffin v. Flagstar Bancorp.*,
    No. 10-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013).........................14

*Hainey v. Parrott*,
    No. 02-733, 2007 WL 2752375 (S.D. Ohio Sept. 20, 2007) ............................... 11

*Kaplan v. Saint Peter's Healthcare Sys.*,
    No. 13-2941, 2014 WL 1284854 (D.N.J. Mar. 31, 2014) ............................... 3, 15

*Lann v. Trinity Health Corp.*
    (D. Md. Feb. 24, 2015) .................................................................................... 15

*Little Caesar Enters., Inc. v. Smith*,
    172 F.R.D. 236 (E.D. Mich. 1997) .................................................................... 21

*Mass. Mut. Life Ins. Co. v. Russell*,
    473 U.S. 134 (1985) .......................................................................................... 20

*Medina v. Catholic Health Initiatives*,
    No. 13-01249, 2014 WL 4244012 (D. Colo. Aug. 26, 2014) ............................ 15

*Mezyk v. U.S. Bank Pension Plan*,
    No. 09-384, 2011 WL 601653 (S.D. Ill. Feb. 11, 2011) ............................... 22, 24

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) .......................................................................................... 25

*Newby v. Enron Corp.*,
    394 F.3d 296 (5th Cir.2004) ......................................................................... 13, 14

*Overall v. Ascension Health*,
    23 F. Supp. 3d 816 (E.D. Mich. 2014) .............................................................. 15

*Rankin v. Conaway*,
    No. 02-71045 (E.D. Mich. Feb. 9, 2006) ........................................................... 25

*Rankin v. Rots*,
    220 F.R.D. 511 (E.D. Mich. 2004) .............................................................. 19, 21

*Rollins v. Dignity Health*,
    19 F. Supp. 3d 909 (N.D. Cal. 2013) ............................................................. 3, 15

*Sheick v. Automotive Component Carrier LLC*,
    No. 09-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010) .......................... 13

*Smith v. Provident Bank*,
    170 F.3d 609 (6th Cir. 1999) ............................................................................ 23

*Stapleton v. Advocate Health Care Network & Subsidiaries*,
No. 14-01873, 2014 WL 7525481, --- F. Supp. 3d ---- (N.D. Ill.
Dec. 31, 2014) ........................................................................................15

*In re Telectronics Pacing Sys., Inc., Accufix Atrial "J" Prods. Liab.
Litig.*,
137 F. Supp. 2d 985 (S.D. Ohio 2001) ........................................10, 12

*Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*,
262 F.3d 559 (6th Cir. 2001).....................................................................9

*UAW v. Ford Motor Co.*,
No. 05-74730, 2006 WL 1984363 (E.D. Mich. July 13, 2006)..........11

*UAW v. Gen. Motors Corp.*,
497 F.3d 615 (6th Cir. 2007)...................................................................10

*Williams v. Vukovich*,
720 F.2d 909 (6th Cir. 1983).............................................................10, 12

**Statutes**

Employee Retirement Income Security Act of 1974 ......................................*passim*

ERISA § 409(a), 29 U.S.C. § 1109(a)..................................................................24

ERISA § 502(a), 29 U.S.C. § 1132(a)............................................................23, 24

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) .......................................................23

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) .......................................................23

U.S. Class Action Fairness Act of 2005, U.S.C. § 1715(d)......................................8

**Rules**

6th Cir. Rule 33 .........................................................................................4, 11

Fed. R. Civ. P. 23...............................................................................19, 20, 23

Fed. R. Civ. P. 23(a) ........................................................................19, 20, 22

Fed. R. Civ. P. 23(a)(1).................................................................................20

Fed. R. Civ. P. 23(a)(2)..................................................................................20

Fed. R. Civ. P. 23(a)(3) ............................................................21

Fed. R. Civ. P. 23(a)(4) ............................................................21

Fed. R. Civ. P. 23(b) ...............................................................19

Fed. R. Civ. P. 23(b)(1) ........................................................*passim*

Fed. R. Civ. P. 23(b)(1)(A) ........................................................22

Fed R. Civ. P. 23(b)(1)(A) .........................................................22

Fed. R. Civ. P. 23(b)(1)(B) .............................................. 19, 22, 23

Fed. R. Civ. P. 23(b)(2)........................................................23, 24

Fed. R. Civ. P. 23(g) ...............................................................24

## Other Authorities

6 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE (3d ed. 1999) ...................9

John Langbein et al., PENSION & EMPLOYEE BENEFIT LAW (5th ed. 2010)...............17

MANUAL FOR COMPLEX LITIGATION (THIRD) (1995)............................................9, 10

Newberg & Conte, NEWBERG ON CLASS ACTIONS (5th ed. 2014).......................9, 25

## CONCISE STATEMENT OF THE ISSUES PRESENTED:

1.      Whether the Court should preliminarily approve the Class Action Settlement Agreement.

2.      Whether the Court should approve the form and method of Class notice.

3.      Whether the Court should set a Final Fairness Hearing, along with deadlines for Class Counsel to file and serve their motion for award of attorneys' fees and expenses and incentive fee for the Named Plaintiff, and for Class Counsel to file their motion for final approval of the proposed Class Action Settlement Agreement.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY:

Pursuant to Local Rule 7.1(c)(2), Plaintiff lists the following authority as the most appropriate for the relief sought in her motion:

Fed. R. Civ. P. 23

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003)

*Rankin v. Rots*, 220 F.R.D. 511 (E.D. Mich. 2004)

# I.  INTRODUCTION

Plaintiff Marilyn Overall ("Named Plaintiff"), by and through her attorneys, respectfully moves the Court for an Order: (1) preliminarily approving the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") described herein; (2) preliminarily certifying the proposed Class pursuant to Federal Rules of Civil Procedure 23(b)(1) and/or 23(b)(2); (3) approving the form and method of Class Notice; and (4) setting a date and time for a hearing (the "Fairness Hearing") for consideration of final approval of the Settlement,[1] of payment of attorneys' fees and expenses, and of a potential Incentive Fee to the Named Plaintiff.

The Settlement is an excellent result for the proposed Class, participants and beneficiaries of the Ascension Plans:[2] it provides for significant Plan provisions which will enhance the retirement security of the members of the Settlement Class—in essence mimicking some of ERISA's key provisions for the next seven and one-half years.  Additionally, the Settlement provides monetary consideration to the Plans.

---

[1] A copy of the Settlement Agreement is attached as Ex. 1 to the Declaration of Lynn L. Sarko ("Sarko Decl.") filed herewith.  Attached to the Settlement as Ex. 1 is the [Proposed] Order Preliminarily Approving Settlement, Notice Procedures and Confirming Final Settlement Hearing ("Preliminary Approval Order"); attached to the Preliminary Approval Order as Ex. A is the Notice of Proposed Settlement; attached to the Settlement as Ex. 2 is the [Proposed] Order and Final Judgment. Capitalized terms not otherwise defined in this memorandum shall have the same meaning ascribed to them in the Class Action Settlement Agreement.

[2] The Ascension Plans ("Plans or Plan") are defined in ¶ 1.14 of the Settlement.

Page 1

The Settlement resolves the claims against all Defendants, and was reached after vigorous motion practice, full briefing in the Sixth Circuit Court of Appeals, and arm's-length negotiations with a mediator appointed by the Sixth Circuit.

## II. DISCUSSION

### A. Procedural History

On March 28, 2013, a putative class action complaint was filed in this Court against Ascension Health and various other defendants alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Dkt. No, 1. The case was filed by Keller Rohrback L.L.P., Cohen Milstein Sellers & Toll, PLLC, and Stephen F. Wasinger PLC (collectively, "Class Counsel"). The Complaint alleged that Defendants denied the Plans' participants and beneficiaries the protections of ERISA by claiming that the Ascension Plans qualified as ERISA exempt "church plans." The Complaint alleged that the Plans sponsored by Ascension—a large, non-profit healthcare entity—did not qualify as ERISA exempt church plans.

Defendants moved to dismiss the Complaint on June 28, 2013. Dkt. Nos. 22-23. The proceedings in connection with the motion to dismiss were extensive. The Court met with counsel in chambers to discuss the case generally and the motion in particular and to set out a briefing schedule. Dkt. No. 34. The briefing consisted not only of the motion papers on the motion to dismiss itself, but further motion papers on the propriety of the hundreds of pages of documents submitted by the defense in

support of the motion. Dkt. Nos. 22, 28, 29, 32, 33, 35, 40, 50, 51, 53, 57, 64. By the time of the first oral argument, over 2,200 hundred pages of motion papers and underlying documents had been submitted to the Court.

Oral argument was first held on October 16, 2013. The Court raised several issues at that hearing, requested further briefing on certain issues, and set the matter for further argument. Dkt. No. 45. The Parties submitted further papers and documents, Dkt. Nos. 50, 51, and the continued oral argument was held on November 19, 2013.  After several hours of argument, the Court granted the motion from the bench and directed defense counsel to file additional pleadings.

That submission, Dkt. No. 59 Ex. A, led to still further briefing. Dkt. Nos. 59, 62, 64. Moreover, while the case was under submission, Judge Henderson decided the *Dignity* case and Judge Shipp the *Saint Peter's* case, each of which dealt with the key issue before the Court – whether an entity other than a church could establish a church plan.[3] This led to further briefing on the significance of those opinions. Dkt. Nos. 65-72. The Parties also submitted supplemental authorities on other issues presented by the briefing. Dkt. Nos. 36, 38, 48, 54, 63-1, 65, 70.

Finally, the Court entered its opinion, granting the motion to dismiss in its

---

[3] *Rollins v. Dignity Health* ("*Dignity*"), 19 F. Supp. 3d 909 (N.D. Cal. 2013); *Kaplan v. Saint Peter's Healthcare Sys.* ("*Saint Peter's*"), No. 13-2941, 2014 WL 1284854 (D.N.J. Mar. 31, 2014).

entirety, on May 9, 2014.  Dkt. Nos. 73, 77.  Plaintiff timely filed a Notice of

Appeal.  Dkt. No. 78. Plaintiff-Appellant filed her opening brief, Defendants-

Appellees filed their response, and Plaintiff-Appellant filed her reply.[4]  In addition,

four amicus curiae briefs were filed.[5]  On March 12, 2015, the Sixth Circuit set the

case for oral argument. Appeal Dkt. No. 70.

B.    **Settlement Negotiations**

Class Counsel were cognizant that there was no guarantee of success in their

appeal.  Accordingly, the Parties participated in the mediation program sponsored

by the Sixth Circuit, pursuant to Rule 33 of the Sixth Circuit Rules.  As discussed in

more detail below, following negotiations with the mediator for over six months, the

Parties accepted a mediator's proposal and an agreement in principle was reached

orally.  Sarko Decl. ¶ 8.

In the weeks following this oral agreement, the Parties engaged in continued

negotiations regarding the key terms of the agreement, and memorialized those

terms in a "term sheet." *Id.* ¶ 9. They notified the mediator and the Sixth Circuit of

the settlement and moved to stay the appeal and remand to this Court. Appeal Dkt.

No. 71. The Sixth Circuit granted the motion.  Appeal Dkt. No. 72-2.  The

Settlement Agreement now before the Court is a detailed, fleshed out agreement

---

[4] *Overall v. Ascension Health*, No. 14-1735 (6th Cir.) (Appeal Dkt. Nos. 31, 46, 60).
[5] Appeal Dkt. Nos. 41, 51, 53, 55.

based on the term sheet. Sarko Dec. ¶ 10. It was executed on May 7, 2015.  The

Settlement was, to say the least, the result of lengthy and sometimes contentious

arm's-length negotiations between the Parties.  However, the process was thorough,

adversarial, and professional.

C.      **Terms of the Settlement Agreement**

The following summarizes the principal terms of the Settlement:[6]

1.      **<u>Non-Monetary Equitable Consideration</u>**.  The key concept of the

Settlement Agreement is that the participants in the Plans will receive certain

ERISA-like protections for the next seven and one-half years. Barring a significant

change in the law, the Plans will remain non-ERISA plans, but Ascension itself will

guarantee participants will receive from their Plans the level of benefits stated in the

Plans through June 30, 2022.  Settlement ¶ 9.2.  Ascension has made similar

financial commitments for participants should there be a plan termination, merger,

or amendment.  *Id.* ¶¶ 9.3 to 9.5.  As discussed in more detail below, *see infra*

IV.B.4, these commitments are crucial because the Ascension Plans, like most

church plans, are "fund-specific," meaning that the Plans' financial responsibility

for benefits is limited *solely* to the amount of assets in the fund.  *See, e.g.*, Dkt.

No. 23 at p. 103.  Such fund-specific provisions are forbidden by ERISA and as to

Ascension, they are now forbidden by the agreement for the next seven and one-half

---

[6] *See* Sarko Decl. at Ex. 1.

Page 5

years.

2.     **Monetary Consideration**.  Ascension will contribute $8 million to the Plans.

3.     **Other Equitable Consideration**.  The Settlement also includes equitable provisions, mimicking the provisions of ERISA, concerning plan administration, summary plan descriptions, notices (annual summaries, pension benefits statements, current benefit values), and the Plans' claim review procedure.

4.     **Class.**  The Settlement contemplates that the Court will certify a non-opt-out class under Federal Rule of Civil Procedure 23(b)(1) and/or (b)(2).

5.     **Released Claims**.  Section 4 generally defines the Released Claims as claims brought by Plaintiff, or claims that could have been asserted by Plaintiff based upon the allegations in the instant Action.  However, there is a significant carve out from the Released Claims. Recognizing that the law on church plans is still in flux, the Settlement Agreement provides that Ascension will not be released prospectively in the event of a change in the law which makes clear that the Ascension Plans are not church plans. Likewise, the release will not apply prospectively in the event the structure of the Ascension Plans changes so that the Plans are plainly not church plans.

6.     **Notice**.  A proposed Preliminary Approval Order is attached as Ex. 1 to the Settlement.  The Preliminary Approval Order provides for the following notices:

(a) a mailed notice (Ex. A to the Preliminary Approval Order), to be mailed to the last known address of members of the Settlement Class; and (b) internet publication of the Settlement Agreement and Class Notice on www.kellersettlements.com. Defendants will pay the cost for notice.

7.    **Attorneys' Fees**.  By separate application to be filed prior to the Fairness Hearing, Class Counsel will seek an award of attorneys' fees, expenses and an Incentive Fee for the Named Plaintiff, in an amount not to exceed $2 million The Settlement Class shall be notified of these details in the Class Notice.  The attorneys' fees are separate from the $8 million dollar contribution to the Plans—the attorneys' fees will not reduce that contribution.

D.    **Reasons for the Settlement**

Plaintiff has entered into this proposed Settlement with an understanding of the strengths and weaknesses of her claims.  This understanding is based on: (1) the motion practice undertaken by the Parties in the district court and the appellate briefing; (2) investigation and research; (3) the likelihood that Plaintiff would prevail on appeal; (4) the likelihood that Plaintiff would prevail at trial if her appeal is granted; (5) the range of possible recovery; (6) the substantial complexity, expense, and duration of litigation necessary to prosecute this action through appeal, and if successful there, through trial, post-trial motions, and likely additional appeals, and the significant uncertainties in predicting the outcome of this complex

Page 7

litigation; and (7) Defendants'—and their amici—determination to fight and contest every aspect of the case.  Having undertaken this analysis, Class Counsel and Plaintiff have concluded that the Settlement is fair, reasonable, and adequate, and should be presented to the Court for approval.

### III.    PROPOSED SCHEDULE

The Parties have agreed to the following schedule of events, the dates of which will be determined after the Court enters the Preliminary Approval Order and sets a Fairness Hearing date:

| Event | Time for Compliance |
|-------|---------------------|
| Deadline for CAFA Notice | 10 days after entry of Preliminary Approval Order |
| Deadline for mailing of Class Notice and posting Notice to website | 60 days prior to the proposed Fairness Hearing |
| Deadline for filing Plaintiff's motions for final approval, attorneys' fees and expenses, and Incentive Fee to the Named Plaintiff | 31 days prior to the proposed Fairness Hearing |
| Deadline for the Settlement Class to comment upon or object to the proposed Settlement | 14 court days prior to the proposed Fairness Hearing |
| Deadline for filing Plaintiff's reply in support of motions for final approval, attorneys' fees and expenses, and Incentive Fee to the Named Plaintiff, and for either Parties to respond to any comments or objections | 7 days prior to the proposed Fairness Hearing |
| Proposed Fairness Hearing | No sooner than 100 days after entry of the Preliminary Approval Order[7] |

---

[7] Pursuant to the U.S. Class Action Fairness Act of 2005, at 28 U.S.C. § 1715(d), the date of the Fairness Hearing must be at least 90 days after notices are served on the appropriate state and federal officials.

Page 8

## IV.   DISCUSSION

Strong judicial policy favors resolution of class action litigation prior to trial.

*Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981), *vacated on other grounds and modified*, 670 F.2d 71 (1982).[8]

### A.   The Settlement Merits Preliminary Approval

The Sixth Circuit has specified the process whereby class action settlements are approved, and the standards that should be applied at each stage:

> (1) the court must preliminarily approve the proposed settlement, i.e., the court should determine whether the compromise embodied in the decree is illegal or tainted with collusion; (2) members of the class must be given notice of the proposed settlement; and (3) a hearing must be held to determine whether the decree is fair to those affected, adequate and reasonable.

*Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001). This case is now at the first step of the process outlined in *Tennessee Ass'n.* "Unless it appears that the compromise embodied in the agreement is illegal or tainted with collusion, the court must order that notice be given to the class of the proposed agreement and must order a fairness hearing." *Berry v. Sch. Dist. of City of*

---

[8] 6 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE (3d ed. 1999); MANUAL FOR COMPLEX LITIGATION (THIRD) § 30.42 (1995); Newberg & Conte, NEWBERG ON CLASS ACTIONS § 13.44 (5th ed. 2014) ("The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding lengthy trials and appeals.") and § 13:45 ("[A] court will presume that a proposed class action settlement is fair when certain factors are present, particularly evidence that the settlement is the product of arms-length negotiation, untainted by collusion.").

Page 9

*Benton Harbor*, 184 F.R.D. 93, 97 (W.D. Mich. 1998).

B.    **Final Approval Criteria Support Preliminary Approval**

As a preliminarily matter, in evaluating a proposed class settlement, the court does "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981).  In addition, "[b]eing a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement." *In re Telectronics Pacing Sys.*, *Inc., Accufix Atrial "J" Prods. Liab. Litig.*, 137 F. Supp. 2d 985, 1008-09 (S.D. Ohio 2001) (citing Manual for Complex Litig. § 30.42 (3d ed. 1995)).  The Court's inquiry on approval is thus limited to the consideration of whether the proposed settlement is "fair, adequate, and reasonable to those it affects and whether it is in the public interest." *Williams v. Vukovich*, 720 F.2d 909, 921-23 (6th Cir. 1983).

The Sixth Circuit has identified a number of factors that are relevant in determining whether a settlement is fair, reasonable and adequate: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).  "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular

factors according to the demands of the case." *UAW v. Ford Motor Co.* ("*Ford Motor*"), No. 05-74730, 2006 WL 1984363, at *22 (E.D. Mich. July 13, 2006).

>    1.    **There is no risk of fraud or collusion.**

"Courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered." *Ford Motor*, 2006 WL 1984363, at *26 (quotation and citation omitted). Settlement approval is appropriate where an agreement is based upon arm's length negotiations – i.e., where there is no collusion or benefit to certain parties to the detriment of the class. *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 372 (S.D. Ohio 1990). Moreover, enlisting "[t]he participation of an independent mediator…virtually insures that the negotiations were conducted at arm's length and without collusion between the parties." *Hainey v. Parrott*, No. 02-733, 2007 WL 2752375, at *3 (S.D. Ohio Sept. 20, 2007) (citations omitted).

As noted above, the Parties participated in the mediation program sponsored by the Sixth Circuit, pursuant to Rule 33 of the Sixth Circuit Rules. Following negotiations with the assistance of an experienced mediator for over six months, the Parties reached an agreement. Sarko Decl. ¶ 3. During the mediation process, the mediator was in constant contact with the Parties both orally and in writing. *Id.* ¶ 4. The Parties submitted confidential statements to the mediator and settlement proposals to each other. *Id.* ¶ 5. When the negotiations reached an impasse in

Page 11

January, 2015, the mediator broke the log jam with her mediator's proposal.  *Id.* ¶ 6.
The Parties separately accepted the mediator's proposal after further analysis and
deliberation.  *Id.* ¶ 7.  Thus, the negotiations were conducted at arm's length and
without collusion.

### 2.   **The complexity, expense and likely duration favor settlement.**

"Settlements should represent a 'compromise which has been reached after
the risks, expense and delay of further litigation have been assessed.'"  *In re
Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 523 (E.D. Mich. 2003) (quoting
*Vukovich*, 720 F.2d at 922).  This is particularly true with class actions, which are
"inherently complex."  *Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d at 1013.
"[S]ettlement avoids the costs, delays, and multitude of other problems associated
with them."  *Id.*

Plaintiff recognizes the possibility that the outcome of the appeal will not be
as expected.  Class Counsel believe that pursuant to ERISA only a church can
establish a church plan, and therefore the Plans are not church plans exempt from
ERISA because they were established by Ascension—a hospital.  However, Plaintiff
is aware that the Sixth Circuit could disagree with Plaintiff (as did this Court) on
this threshold statutory argument.  Additionally, Plaintiff recognizes that the Sixth
Circuit could disagree with Plaintiff on her alternative arguments, e.g., that
Ascension is not controlled by or associated with the Catholic Church, and that

Page 12

Plaintiff did not have standing to pursue her Constitutional claim, as did this Court.

In addition, presenting an ERISA case of this type on the merits is a massive undertaking, with substantial risks, expense, and delay.  Defendants have forcefully defended their actions with respect to the Plans to date, and there is no reason to believe they would not continue to do so through trial and on appeal if necessary. Additionally, Defendants' arguments were supported by amici at both the district court and appellate level.  In short, a favorable decision by the Sixth Circuit on the merits is not so much a foregone conclusion as to remove the impetus for settlement while the proposed Settlement Agreement provides both monetary and non-monetary consideration to the Plans for the benefit of the Settlement Class.  The monetary and non-monetary consideration to the Plans are far better for the Plans' participants than the possibility of a more significant recovery, if any, after an expensive and protracted trial and appeal.

### 3.   The absence of formal discovery does not disfavor settlement.

The absence of formal discovery is not an obstacle to settlement approval so long as the parties and the Court have adequate information in order to evaluate the relative position of the parties.  *Newby v. Enron Corp.*, 394 F.3d 296, 306 (5th Cir.2004). *See also Sheick v. Automotive Component Carrier LLC*, No. 09-14429, 2010 WL 4136958, at *19 n.3 (E.D. Mich. Oct. 18, 2010) (noting that "courts do not require formal discovery so long as the parties have adequate information in order to

evaluate the relative positions") (quoting *Newby*, 394 F.3d at 306 ("Formal discovery [is not] a necessary ticket to the bargaining table")).

In this case, prior to filing their claims, Class Counsel extensively investigated the publicly available information and investigated the facts, including review and analysis of Plan-related documentation, review of Ascension's disclosures, analysis of Ascension's publicly available financial statements, and interviews of Plan participants.  Sarko Decl. ¶ 11.  Additionally, in support of their motion to dismiss, Defendants submitted over 1,800 pages of extraneous documents, all of which Class Counsel reviewed, and which Class Counsel moved to strike as being not subject to judicial notice.  Dkt. No. 53.

Class Counsel also responded to a motion to dismiss, responded to one amicus brief supporting Defendants at the district court level, filed their opening and reply briefs with the Sixth Circuit, and responded to three amicus briefs supporting Defendants at the appellate level.  The absence of formal discovery in this case in no way undermines the integrity of the settlement given the extensive investigation that has occurred as a result of proceedings thus far.  *Griffin v. Flagstar Bancorp.*, No. 10-10610, 2013 WL 6511860, at *4 (E.D. Mich. Dec. 12, 2013).

     4.    **The likelihood of Plaintiff's success weighed against the consideration offered in the settlement favors approval.**

As evidenced by the vigor with which they have prosecuted the ERISA Action, and the substantial amount of time and money they have expended to that

end, Class Counsel believe strongly in their claims and the legal basis for them.  But there is risk in any litigation, and especially here, where the district court dismissed the Action, and the area of the law—ERISA church plan litigation—is one of the most nuanced, unpredictable, and rapidly developing in ERISA jurisprudence. Indeed, three such cases are before courts of appeal on interlocutory appeals.[9]  As a result, any prediction of success is far from reliable.[10]

If this Settlement is not approved, a substantial amount of work will need to be completed, including resolution of the appeal before the Sixth Circuit, completion of fact and expert discovery, class certification, designation of witnesses and exhibits, preparation of pre-trial memoranda and proposed findings of fact and conclusions of law, presentation of witnesses and evidence at trial, and, depending on the trial court's ruling on the merits, briefing of the losing party's almost-certain appeal.  Plaintiff believes that her claims would be successful, but nonetheless is aware of the risks associated with proceeding to trial.

---

[9] *Stapleton v. Advocate Health Care Network & Subsidiaries*, No. 15-1368 (7th Cir.); *Kaplan v. Saint Peter's Healthcare Sys.*, No. 15-1172 (3d Cir.); and *Rollins v. Dignity Health*, No. 15-15351 (9th Cir.).

[10] *Compare, e.g.*,  *Chavies v. Catholic Health East* (E.D. Pa. Mar. 28, 2014); *Saint Peter's*, 2014 WL 1284854; *Dignity*, 19 F. Supp. 3d  909; *and Stapleton v. Advocate Health Care Network & Subsidiaries*, No. 14-01873, 2014 WL 7525481, --- F. Supp. 3d ---- (N.D. Ill. Dec. 31, 2014), *with Overall v. Ascension Health*, 23 F. Supp. 3d 816 (E.D. Mich. 2014); *Medina v. Catholic Health Initiatives*, No. 13-01249, 2014 WL 4244012 (D. Colo. Aug. 26, 2014); *and Lann v. Trinity Health Corp.* (D. Md. Feb. 24, 2015).

In this case, Defendants (and their amici) have forcefully defended their actions with respect to the Plans, and have shown no hesitance to litigate this matter fully through the appeal and trial, should Plaintiff's appeal be successful. Moreover, Defendants are represented by highly experienced and competent counsel. In view of these potential obstacles to recovery, the Settlement payment of $8 million should be regarded as a highly favorable recovery.

It should further be stressed that the non-monetary consideration provided by Defendants provides substantial benefits to the Plans' participants. Ascension has guaranteed that its Plans will pay participants the level of benefits stated in the Plans through June 30, 2022. Settlement ¶ 9.2. Ascension has made similar financial commitments for participants should there be a plan termination, merger, or amendment. Specifically, Ascension has guaranteed—through June 30, 2022, that: (1) none of the Plans may be terminated unless there is sufficient assets to meet the life annuity and lump sum distribution amounts (as those terms are defined by the relevant Plan), elected by participants in a termination, including any administrative costs; (2) if any Plan is amended, the actuarial value of a participant's accrued benefit under the terms of the Plan will be no less than it was the day immediately prior to the effective date of the amendment; and (3) if any Plan is merged into another Plan, participants will be entitled to the same (or greater) benefits post-merger as they enjoyed before the merger. *Id*. ¶¶ 9.3 to 9.5.

These commitments are significant, as the liabilities of these Ascension Plans are "fund-specific."  Prior to the enactment of ERISA, the sponsor of a defined benefit plan could limit its responsibility for benefit levels to whatever assets were contained in the fund, i.e., a "fund-specific plan".  John Langbein et al., PENSION & EMPLOYEE BENEFIT LAW 244 (5th ed. 2010).  As explained in the Complaint, among the factors that led to the enactment of ERISA were the widely publicized failures of certain defined benefit pension plans, especially the plan for employees of Studebaker Corporation, an automobile manufacturing company which defaulted on its pension obligations in 1965.  Complaint ¶ 44 citing Langbein, 78-83.  The Studebaker plan was fund-specific. *Id*. at 244.  ERISA prohibits this sort of fund-specific defined benefit promise.  *Id*.  Thus, the Ascension Plan is, in essence, a Studebaker-type pre-ERISA Plan.  Accordingly, the Settlement's equitable consideration provides the Plans' participants and beneficiaries with certain ERISA-like protections for the next seven and one-half years.

Additionally, the Settlement provides: should ERISA's church plan provision be amended, or if the IRS determines the Plans do not qualify for church plan exemption, or if the Supreme Court holds that church plans are limited to plans established by churches, the Parties prospectively will not have released claims derived therefrom.  Settlement ¶ 4.1.4.  The Settlement also includes equitable provisions, mimicking the provisions of ERISA, concerning plan administration,

Page 17

summary plan descriptions, notices (annual summaries, pension benefits statements, current benefit values), and the Plans' claim review procedure. *Id.* ¶ 9.9.

5. **The judgment of experienced trial weigh in favor of approval.**

As evidenced on their firm websites, Class Counsel have extensive experience in handling ERISA church plan litigation and other class action ERISA cases.[11]

Furthermore, Class Counsel have been able to develop the issues in this case to an appropriate point for settlement. They have conducted an extensive investigation; engaged in motion practice, including briefing on the motion to dismiss, filing an appeal, and responding to Defendants' amicus briefs at both the district court and appellate level; and participated in numerous negotiations concerning the issues in this litigation. While there is much to be done to prepare the case for trial, Plaintiff possesses a comprehensive understanding of both the strengths and the weaknesses of her claims, and believes that the Settlement is fair, reasonable and is in the best interests of the Plans and the Class. This opinion weighs heavily in favor of both preliminary and final approval of the Settlement.

6. **Evaluation of objections is premature.**

Class Counsel will address any objections at the final approval hearing.

7. **The settlement's consistency with public interest favors approval.**

"[T]here is a strong public interest in encouraging settlement of complex

---

[11] *See* www.kellerrohrback.com and www.cohenmilstein.com.

Page 18

litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem CD Antitrust Litig*, 218 F.R.D. at 530 (quoting *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)).  Settlements are particularly desirable in cases such as this one, where remedial measures must be implemented over extended periods of time.  *See Berry*, 184 F.R.D. at 97.  Here, there are no contravening public interest justifications sufficient to support deviating from the public interest served by settlement of this action, which provides both monetary and non-monetary consideration to the Plans.  This factor weighs strongly in favor of approval as well.

C.    **Certification of the Class is also Appropriate**

Class certification is governed by Federal Rule of Civil Procedure 23, regardless of whether certification is sought pursuant to a contested motion or, as here, pursuant to a settlement.  *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 619-29 (1997).  Thus the Court may certify the proposed class at this time upon finding that the action satisfies the four prerequisites of Rule 23(a) and one or more of the three subdivisions of Rule 23(b).  *Id.*

Courts in this jurisdiction have consistently found that class certification is appropriate in ERISA cases.  *See Rankin v. Rots*, 220 F.R.D. 511 (E.D. Mich. 2004) ("*Kmart Class Cert.*"); *see also* Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment) (certification under Fed. R. Civ. P. 23(b)(1) is appropriate

Page 19

in cases charging breach of trust by a fiduciary to a large class of beneficiaries).

Congress has similarly embraced the use of representative actions to enforce

ERISA. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985) (noting

Congress' clearly expressed intent that ERISA "actions for breach of fiduciary duty

be brought in a representative capacity on behalf of the plan as a whole"). Thus this

Action, which seeks relief on behalf of the *Plans* is precisely the type of case that

Federal Rule of Civil Procedure 23 was enacted to address.

### 1. The proposed Class satisfies the requirements of Rule 23(a)

Rule 23(a)(1) requires that the class be "so numerous that joinder of all

members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, Plaintiff alleges that

Defendant Ascension employs approximately 122,000 individuals, and many if not

all of those persons are likely members of the Class. *See* Complaint ¶ 116. The

Settlement Class is thus too large for joinder to be practicable.

Rule 23(a)(2) requires that a proposed class action raise "questions of law or

fact common to the class." "[T]here need be only a single issue common to all

members of the class." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996)

(quotation and citation omitted). Plaintiff has identified a series of common

questions of law and fact, including: (a) whether the Plans are exempt from ERISA

as Church Plans, and, if not (2) whether the fiduciaries of the Plans have failed to

administer and fund the Plans in accordance with ERISA. All of these questions

and issues are common to the Settlement Class.  *See*, *e.g., Kmart Class Cert*., 220 F.R.D. at 517-18 (identifying similar common issues and concluding as well that the claim for a breach of the duty of prudence "clearly presents a common issue.").

Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class.  "The typicality requirement is met if the plaintiff's claim 'arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and her or his claims are based on the same legal theory.'"  *Kmart Class Cert*., 220 F.R.D. at 518 (quoting *Little Caesar Enters., Inc. v. Smith*, 172 F.R.D. 236, 242-43 (E.D. Mich. 1997)). Plaintiff's claims arise from the same course of events as the claims of the Class – Defendants' alleged failure to maintain the Plans in accordance with ERISA. Moreover, with each member of the Settlement Class asserting the same claims arising from the same conduct by Defendants and seeking the same relief on behalf of the Plans, there can be no fair dispute that the claims asserted by Plaintiff are typical for purposes of Rule 23(a)(3).

Rule 23(a)(4) requires that the class representatives fairly and adequately protect the interests of the class they seek to represent.  "[T]he Sixth Circuit appears to focus on the adequacy of plaintiff's counsel and whether plaintiff has a conflicting interest, not the personal qualifications of the named plaintiff." *Kmart Class Cert*., 220 F.R.D. at 520.

Page 21

These requirements are easily met in the case at bar.  Plaintiff's interests are the same as those of the absentee members of the Class: all seek to increase the retirement security of the Plans, whether through monetary or non-monetary relief. There can be no question that the Named Plaintiff's interests are aligned with those of the Class, and she has retained qualified counsel with extensive experience in representing plaintiffs in class litigation, including ERISA cases.

2. **The Class satisfies the requirements of Rule 23(b)(1) and (b)(2)**

    a. **Individual actions would create inconsistent adjudications or be dispositive of the interests of absent members**

A class may be certified under Federal Rule of Civil Procedure 23(b)(1) if, in addition to meeting the requirements of Federal Rule of Civil Procedure 23(a), the prosecution of separate actions by individual class members would create the risk of inconsistent adjudications, which would create incompatible standards of conduct for the defendant, or would as a practical matter be dispositive of the interests of absent members.  Fed R. Civ. P. 23(b)(1)(A) and (B).  Courts have certified classes under Federal Rule of Civil Procedure 23(b)(1) in ERISA cases for those very reasons.  *See In re CMS Energy ERISA Litig.*, 225 F.R.D. 539, 546 (E. D. Mich. 2004).  *See also Mezyk v. U.S. Bank Pension Plan*, No. 09-384, 2011 WL 601653, at *9 (S.D. Ill. Feb. 11, 2011) (Rule 23(b)(1)(A) certification appropriate "to establish one single standard of conduct for the defendants' administration of [a defined benefit Plan]" where participants sought "broad declaratory and injunctive

relief" regarding whether plan provisions violated ERISA.).

Moreover, the Advisory Committee on Rule 23 specifically noted that actions that "charge[] a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of . . . beneficiaries" – *i.e.*, an action like the present action – "should ordinarily be conducted as class actions" under Rule 23(b)(1)(B).  *See* Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment).  As a result, certification of the proposed class under Rule 23(b)(1) is appropriate in this ERISA Action.

### b.    Defendants Have Acted on Grounds Generally Applicable to the Class and Relief for the Class as a Whole Is Appropriate

A class may be certified under Federal Rule of Civil Procedure 23(b)(2) if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."  Fed. R. Civ. P. 23(b)(2).  Here, Plaintiff alleges that Defendants failed to comply with ERISA on a Plan-wide basis.  The available remedies include monetary relief and remedial equitable relief to the Plans as a whole.  ERISA §§ 502(a)(2) & (3).

Remedies under ERISA § 502(a)(2) are by definition plan-wide, a classic example of equitable relief.  *See, e.g., Smith v. Provident Bank*, 170 F.3d 609, 616 (6th Cir. 1999) ("ERISA authorizes participants to sue on behalf of a plan for breach of fiduciary duty, *see* 29 U.S.C. § 1132(a)(2) . . . . Permitting such suits by

Page 23

participants is the mechanism which Congress established to enforce the plan's right to recover for a breach of fiduciary duty." (citing 29 U.S.C. §§ 1109(a), 1132(a)).

While the Settlement includes monetary consideration to the Plans, that consideration is incidental to, and flows directly from, Plaintiff's prayer for injunctive and declaratory relief. *Mezyk*, 2011 WL 601653, at *9 ("It is true that if such relief were awarded, class members may receive monetary benefits that would naturally flow from the award of declaratory or injunctive relief.  However, that does not detract from the fact that the relief sought is predominantly declaratory or injunctive in nature."); *Bublitz v. E.I. du Pont de Nemours & Co.*, 202 F.R.D. 251, 259 (S.D. Iowa 2001) (same); *see also Berger v. Xerox Corp. Ret. Income Guarantee Plan*, 338 F.3d 755, 763-64 (7th Cir. 2003) (certifying Fed. R. Civ. P. 23(b)(2) class where ERISA plaintiffs sought declaratory relief).  Accordingly, Plaintiff's claims are also properly certified under Rule 23(b)(2).

3.    **Rule 23(g) is satisfied**

Federal Rule of Civil Procedure 23(g) requires the Court to examine the capabilities and resources of class counsel.  Class Counsel has explained the claims brought in this action, and the time and effort already expended in connection with this litigation.  Moreover, Class Counsel are among the leading ERISA plaintiffs' firms, and possess unparalleled expertise in the specific types of ERISA claims brought in this lawsuit.  Class Counsel thus satisfy the requirements of Rule 23(g).

Page 24

D.      **The Proposed Notice Satisfies Rule 23 and Due Process Requirements**

In order to satisfy due process considerations, notice to class members must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).  Here, the proposed Class Notice describes in plain English the Settlement; the considerations that caused Plaintiff and Class Counsel to conclude that the Settlement is fair and adequate; the maximum attorneys' fees and Incentive Fee for the Named Plaintiff that may be sought; the procedure for objecting to the Settlement; and the date and place of the Fairness Hearing.

With the Court's approval, the Class Notice will be mailed to each member of the Settlement Class, no later than 60 days prior to the Fairness Hearing.  Last known addresses of members of the Class are available from the Plans' current record-keepers.  In addition, the Settlement Agreement and Class Notice will be published on www.kellersettlements.com.  These proposed forms of notice will fairly apprise members of the Class of the Settlement Agreement and their options with respect thereto, and therefore fully satisfy due process requirements. *See* Newberg on Class Actions, §§ 8.12, 8.15, 8.17, 8.28, 8.33 (5th ed. 2014).  Similar Notice Plans in ERISA settlements have been approved. *Rankin v. Conaway*, No. 02-71045 (E.D. Mich. Feb. 9, 2006).

Page 25

## V.    CONCLUSION

Class Counsel respectfully request that the Court grant Plaintiff's motion and (i) enter the Preliminary Approval Order, which provides for notice to the Class as described herein, and (ii) sets a Final Fairness Hearing, along with deadlines for Plaintiff to (a) file and serve the motion for award of attorneys' fees and expenses and for an Incentive Fee for the Named Plaintiff; and (b) file their motion for final approval of the proposed Settlement.

DATED May 7, 2015.

s/ Lynn L. Sarko
Lynn L. Sarko
Havila C. Unrein
Matthew M. Gerend
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384
Email: lsarko@kellerrohrback.com
hunrein@kellerrohrback.com
mgerend@kellerrohrback.com

Ron Kilgard
Laurie Ashton
**KELLER ROHRBACK, L.L.P.**
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088 / Fax: (602) 248- 2822
Email:  rkilgard@kellerrohrback.com
lashton@kellerrohrback.com

Karen L. Handorf
Michelle C. Yau
Matthew A. Smith
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005
Tel: (202) 408-4600 / Fax: (202) 408-4699
Email:  khandorf@cohenmilstein.com
myau@cohenmilstein.com
msmith@cohenmilstein.com

Stephen F. Wasinger
**STEPHEN F. WASINGER PLC**
300 Balmoral Centre
32121 Woodward Avenue
Royal Oak, MI  48073-0999
Tel: (248) 544-1500 / Fax: (248) 544-1501
Email: sfw@sfwlaw.com
ID: P25963

*Of Counsel:*
Bruce F. Rinaldi
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005
Tel: (202) 408-4600 / Fax: (202) 408-4699
Email:  brinaldi@cohenmilstein.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2015, I electronically filed the foregoing paper

with the Clerk of the Court using the ECF system which will send notification of

such filing to the following:

> Michael P. Coakley (P34578)
> Mary Kate Griffith (P72284)
> **MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
> 150 West Jefferson, Suite 2500
> Detroit, MI 48226
> Tel: (313) 963-6420
> Email: coakley@millercanfield.com
> Griffith@millercanfield.com
>
> Howard Shapiro
> Robert W. Rachal
> Stacey C. S. Cerrone
> **PROSKAUER ROSE, LLP**
> 650 Poydras Street, Suite 1800
> New Orleans, LA  70130
> Telephone: (504) 310-4085
> Fax (504) 310-2022
> Email: howshapiro@proskauer.com
> rrachal@proskauer.com
> scerrone@proskauer.com
> ***Counsel for Defendants***

> *s/ Lynn L. Sarko*
> Lynn L. Sarko
> KELLER ROHRBACK L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101
> Tel: (206) 623-1900
> Fax: (206) 623-3384
> Email:  lsarko@kellerrohrback.com