## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| MARILYN OVERALL, on behalf of herself, individually, and on behalf of all others similarly situated, | ) ) ) | Civil No. 13-cv-11396-AC-LJM |
| | ) | Hon. Avern Cohn |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ASCENSION HEALTH, et al. | ) ) | |
| Defendants. | ) ) | |

## DECLARATION OF LYNN L. SARKO IN SUPPORT OF
## PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

I Lynn L. Sarko declare as follows:

1.      I am an attorney licensed to practice law in the State of Washington. I am the managing partner at Keller Rohrback L.L.P., attorneys of record for Plaintiff and the proposed litigation class.  I have personal knowledge of the facts set forth below and, if called as witness, I could and would testify competently thereto.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the Class Action Settlement Agreement.[1]

---

[1] Attached to the Settlement Agreement as Exhibit 1 is the [Proposed] Order Preliminarily Approving Settlement, Notice Procedures and Confirming Final Settlement Hearing ("Preliminary Approval Order"); attached to the Preliminary

3.      The Parties participated in the mediation program sponsored by the Sixth Circuit, pursuant to Rule 33 of the Sixth Circuit Rules.  Following negotiations with the assistance of an experienced mediator for over six months, the Parties reached an agreement.

4.      During the mediation process, the mediator was in constant contact with the Parties both orally and in writing.

5.      The Parties submitted confidential statements to the mediator and settlement proposals to each other.

6.      When the negotiations reached an impasse in January, 2015, the mediator broke the log jam with her mediator's proposal.

7.      The Parties separately accepted the mediator's proposal after further analysis and deliberation.

8.      The agreement in principle was reached orally.

9.      In the weeks following this oral agreement, the Parties engaged in continued negotiations regarding the key terms of the agreement, and memorialized those terms in a "term sheet."

10.      The Settlement Agreement is a detailed, fleshed out agreement based

---

Approval Order as Exhibit A is the Notice of Proposed Settlement of ERISA Class Action Litigation, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Expenses; and attached to the Settlement Agreement as Exhibit 2 is the [Proposed] Order and Final Judgment.

on the term sheet.

11.    In this case, prior to filing their claims, Class Counsel extensively investigated the publicly available information and investigated the facts, including review and analysis of Plan-related documentation, review of Ascension's disclosures, analysis of Ascension's publicly available financial statements, and interviews of Plan participants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct.

Dated: Thursday, May 07, 2015, at Seattle, Washington.


s/ Lynn L. Sarko
Lynn L. Sarko
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384
Email: lsarko@kellerrohrback.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> Michael P. Coakley (P34578)
> Mary Kate Griffith (P72284)
> **MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
> 150 West Jefferson, Suite 2500
> Detroit, MI 48226
> Tel: (313) 963-6420
> Email: coakley@millercanfield.com
> Griffith@millercanfield.com
>
> Howard Shapiro
> Robert W. Rachal
> Stacey C. S. Cerrone
> **PROSKAUER ROSE, LLP**
> 650 Poydras Street, Suite 1800
> New Orleans, LA  70130
> Telephone: (504) 310-4085
> Fax (504) 310-2022
> Email: howshapiro@proskauer.com
> rrachal@proskauer.com
> scerrone@proskauer.com
> *Counsel for Defendants*

> s/ Lynn L. Sarko
> Lynn L. Sarko
> KELLER ROHRBACK L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101
> Tel: (206) 623-1900 / Fax: (206) 623-3384
> Email: lsarko@kellerrohrback.com

**EXHIBIT 1**
**to**

**DECLARATION OF LYNN L. SARKO**
**IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR PRELIMINARY APPROVAL**


**(Class Action Settlement Agreement)**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| MARILYN OVERALL, on behalf of herself, individually, and on behalf of all others similarly situated, | ) ) ) | Civil No. 13-cv-11396-AC-LJM |
| | ) | Hon. Avern Cohn |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ASCENSION HEALTH, et al. | ) ) | |
| Defendants. | ) ) | |

## CLASS ACTION SETTLEMENT AGREEMENT

This CLASS ACTION SETTLEMENT AGREEMENT ("Settlement Agreement") is entered into by and between Plaintiff, as defined in § 1.13 below, on the one hand, and Defendants, as defined in § 1.7 below, on the other.  Plaintiff and Defendants are referred to collectively in this Settlement Agreement as the "Parties."  Capitalized terms and phrases have the meanings provided in § 1 below or as specified elsewhere in this Settlement Agreement.

1.      DEFINITIONS

1.1.      "*Action*" shall mean:  *Overall v. Ascension*, No. 2:13-cv-11396-AC-LMJ, an action pending in the United States District Court for the Eastern District of Michigan as remanded by the United States Court of Appeals for the Sixth Circuit in *Overall v. Ascension*, No. 14-1735, Document 72-2.

1.2.      "*Ascension*" shall mean:  Ascension Health Alliance, a non-profit corporation; its predecessors and successors; and any organization that is a member of the same controlled group as Ascension Health Alliance.  For the purposes of this definition, an organization is a member of the same controlled group if it is under common control with Ascension Health Alliance pursuant to Treas. Reg. § 1.414(c)-5(b).

1.3.      "*Church Plan*" shall mean:  a plan which meets the definition of a "church plan" under ERISA § 3(33), 29 U.S.C. § 1002(33) and is thus exempt from the provisions of Title I and Title IV of ERISA.

1.4.      "*Class Counsel*" shall mean:  Keller Rohrback L.L.P., Cohen Milstein Sellers & Toll, PLLC, and Stephen F. Wasinger, PLC.

1

1.5. "*Complaint*" shall mean: the Class Action Complaint, filed in this Action on March 28, 2013.

1.6. "*Court*" shall mean: The United States District Court for the Eastern District of Michigan.

1.7. "*Defendants*" shall mean: Ascension, Ascension Health, Ascension Health Alliance, Catholic Health Investment Management Company, Derek Beecher, Jean Deblois, Eric Feinstein, William Finlayson, Timothy Flesch, Trennis Jones, Kathleen Kelly, Ellen Kron, Tom Langston, Laura Lentenbrink, Patrick McGuire, Joseph O. Murdock, Theresa Peck, Barbara Potts, Larry Smith, Anthony Tersigni, Herbert Vallier, Douglas Waite, Frank Warning, and Carol Whittington.

1.8. "*Effective Date of This Settlement Agreement*" shall mean: the date on which all of the conditions to settlement set forth in § 3 of this Settlement Agreement have been fully satisfied or waived and the Settlement shall have become Final.

1.9. "*ERISA*" shall mean: the Employee Retirement Income Security Act of 1974, as amended, including all regulations promulgated thereunder.

1.10. "*Final*" shall mean: with respect to any judicial ruling or order in the Action, that the period for any appeals, petitions, motions for reconsideration, rehearing or certiorari or any other proceedings for review ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that there has occurred a full and completed disposition of any such Review Proceeding, including the exhaustion of proceedings in any remand and/or subsequent appeal on remand.

1.11. "*Incentive Fee to Plaintiff*" shall mean: any monetary amount awarded by the Court in recognition of the Named Plaintiff's assistance in the prosecution of this Action and payable pursuant to § 8.1.4 below.

1.12. "*Person*" shall mean: an individual, partnership, corporation or any other form of organization.

1.13. "*Plaintiff*" and "*Named Plaintiff*" shall mean: Marilyn Overall.

1.14. "*Plan*" or "*Plans*" shall mean: all defined benefit pension plans maintained, sponsored, or claimed by Ascension as Church Plans as of the Effective Date of this Settlement Agreement, including but not limited to: Ascension Health Pension Plan, Borgess Health Alliance Pension Plan, Carondelet Health Pension Plan, Catholic Health Partners Pension Plan, Columbia Hospital Retirement Plan, St. John Health Pension Plan, St. Joseph Health System Pension Plan, St. Joseph Regional Medical Center Pension Plan, St. Mary's Healthcare Pension Plan, Genesys Regional Medical Center Retirement Plan, Via Christi Health Cash Balance Plan, Alexian Brothers Health System Basic Pension Plan, Alexian Brothers of San Jose, Inc. Bargaining Unit Pension Plan, Affinity Health System Retirement Plan, St. John Health System Employee Retirement Plan, and Ministry Health Care Employee Retirement Plan.

2

1.15.    *"Released Claims"* shall have the meaning provided in § 4.

1.16.    *"Releasees"* shall mean: the Defendants, the Plans, any Person who served as a trustee, investment manager, service provider, record-keeper, or named or functional fiduciary (including de facto fiduciaries) of the Plans, together with, for each of the foregoing, any and all predecessors, Successors-In-Interest, affiliates, associates, present and former Representatives, direct or indirect parents and subsidiaries, all counsel and any Person that controls, is controlled by, or is under common control with any of the foregoing, including, without limitation, every person who was a director, officer, governor, management committee member, in-house counsel, employee, or agent of Ascension Health, Ascension Health Alliance, Catholic Health Investment Management Company, and their subsidiaries and affiliates, together with, for each of the forgoing, any and all present or former Representatives, insurers, reinsurers, consultants, attorneys, administrators, employee benefit plans, investment advisors, investment underwriters, and spouses.

1.17.    *"Representatives"* shall mean:  representatives, attorneys, agents, directors, officers, employees, insurers and reinsurers.

1.18.    *"Settlement"* shall mean:  the settlement to be consummated under this Settlement Agreement pursuant to the Final Approval Order.

1.19.    *"Settlement Class"* shall mean:  All who were participants in or beneficiaries of the Plans on or before the Effective Date of Settlement (the "Class Period").

1.20.    *"Successor-In-Interest"* shall mean:  a Person's estate, legal representatives, heirs, successors or assigns, and any other Person who can make a legal claim by or through such Person.

1.21.    *"Term Sheet"* shall mean:  the document entitled Defendants' Final Settlement Term Sheet dated March 6, 2015, based on which the Parties jointly moved the United States Court of Appeals for the Sixth Circuit (the "Sixth Circuit") to remand the Action to the District Court for the purpose of seeking approval of the Settlement.

2.    RECITALS

2.1.    In the Complaint, Plaintiff alleges causes of action on behalf of the Settlement Class arising under ERISA §§ 204(h), 402, 403, and 502(a).

2.2.    Plaintiff alleges and seeks declaratory relief that the Plans are not Church Plans within the meaning of ERISA § 3(33) and thus are subject to the provisions of Title I and Title IV of ERISA.  Plaintiff alleges that Defendants (a) failed to provide notice of reduction of benefit accruals under ERISA § 204(h); (b) violated ERISA's reporting and disclosure provisions; (c) failed to adhere to ERISA's required minimum funding standards for the Plans; (d) failed to establish the Plans pursuant to a written instrument meeting the requirements of ERISA § 402; and (e) failed to establish a trust meeting the requirements of ERISA § 403.  Plaintiff alleges that all Defendants breached fiduciary duties owed to the Plans' participants and beneficiaries, including Plaintiff.  Plaintiff also alleges that the "church plan" exception, as claimed by

3

Defendant Ascension Health, violates the establishment clause of the First Amendment of the United States Constitution.  Defendants deny each and every allegation and assert that Ascension is associated with and controlled by the Roman Catholic Church and the Plans are Church Plans exempt from ERISA.

2.3.    Class Counsel has conducted an extensive investigation into the facts, circumstances and legal issues associated with the allegations made in the Action.  This investigation has included, *inter alia:*  (a) inspecting, reviewing and analyzing documents produced by or otherwise relating to Defendants and the Plans; (b) researching the applicable law with respect to the claims asserted in the Action and the defenses and potential defenses thereto; (c) inspecting, reviewing and analyzing documents concerning the Plans and administration of the Plans; and (d) participating in settlement negotiations with Defendants' counsel, presided over by Sixth Circuit Mediator, Mariann Yevin, Esq.

2.4.    Releasees deny any and all liability to Plaintiff, members of the Settlement Class and/or the Plans, and deny any and all allegations of wrongdoing made in the Action.  Releasees aver that the Plans are Church Plans as defined in ERISA § 3(33), exempt from coverage under ERISA.  This Settlement is not evidence of liability of any type.  This matter has been settled to avoid further cost, expense, and time associated with litigation.

2.5.    On May 9, 2014, the Court issued an opinion granting Defendants' Motion to Dismiss in its entirety.  *See Overall v. Ascension,* 23 F. Supp. 3d 816 (E.D. Mich. 2014).  On June 6, 2014, Plaintiff timely filed her Notice of Appeal.  On September 22, 2014, Plaintiff filed her opening brief with the Sixth Circuit.

2.6.    Plaintiff denies any and all theories of defense asserted in Defendants' Motion to Dismiss.  The Settlement is not evidence of Plaintiff's agreement with the holdings of the Court in *Overall v. Ascension,* 23 F. Supp. 3d 816 (E.D. Mich. 2014), nor does this Settlement in any way alter that holding, as Defendants maintain that the Court ruled correctly in its decision.

2.7.    Class Counsel believes that the Settlement will provide a benefit to the Settlement Class, and that, when that benefit is weighed against the attendant risks of continuing the prosecution of the Action, the Settlement represents a reasonable, fair, and adequate resolution of the claims of the Settlement Class.  In reaching this conclusion, Class Counsel has considered, among other things, the risks of litigation (including the Court's dismissal and the Plaintiff's appeal of that decision, as well as the risk of proving both liability and loss to the Plans, if Plaintiff's appeal were successful); the time necessary to achieve a complete resolution through litigation; the complexity of the claims set forth in the Complaint; the ability of Defendants to withstand judgment; and the benefit accruing to the Plans' participants under the Settlement.

2.8.    Defendants desire to resolve fully and settle with finality the Action and all of Plaintiff's Released Claims for herself, the Settlement Class, and the Plans, thereby avoiding the risk, expense, inconvenience, burden, distraction and diversion of their personnel and resources, and uncertainty of outcome that is inherent in any litigation, associated with the Action.

2.9.     Plaintiff and Defendants have thus reached this Settlement by and through their respective counsel on the terms and conditions set forth here, which they have had a full and meaningful opportunity to consider with the advice of their respective counsel.

3.     CONDITIONS TO EFFECTIVENESS OF THE SETTLEMENT

3.1.     *Effectiveness of This Settlement Agreement*.  This Settlement Agreement shall not become binding unless and until each and every one of the following conditions in §§ 3.2 through 3.8 shall have been satisfied.

3.2.     *Court Approval*.  The Settlement contemplated under this Settlement Agreement shall have been approved by the Court, as provided for in this § 3.3.  The Parties agree jointly to recommend to the Court that it approve the terms of this Settlement Agreement and the Settlement contemplated hereunder.  The Parties agree to undertake their best efforts, including all steps and efforts contemplated by this Settlement Agreement, and any other steps or efforts which may become necessary by order of the Court (unless such order modifies the terms of this Settlement Agreement) or otherwise, to carry out this Settlement Agreement, including the following:

3.2.1   *Motion for Preliminary Approval of Settlement and of Notices*.  The Court shall have approved the preliminary motion to be filed by Plaintiff on or before May 11, 2015 ("Preliminary Motion") by issuing an order in substantially the same form as attached hereto as <u>Exhibit 1</u> (the "Preliminary Approval Order"), including the form of class notice in substantially the form as attached hereto as <u>Exhibit A</u> to the Preliminary Approval Order (the "Class Notice"):

(a)     Preliminarily approving this Settlement Agreement;

(b)     Directing the time and manner of the Class Notice; and

(c)     Finding that: (i) the proposed form of Class Notice fairly and adequately: (A) describes the terms and effect of this Settlement Agreement and of the Settlement, (B) gives notice to the Settlement Class of the time and place of the hearing of the motion for final approval of this Settlement Agreement, and (C) describes how the recipients of the Class Notice may object to approval of this Settlement Agreement; and (ii) the proposed manner of communicating the Class Notice to the members of the Settlement Class is the best notice practicable under the circumstances.

3.2.2   *Class Certification*.

(a)     The Court shall have certified the Action as a non-opt out class action for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(b)(1) and/or (b)(2), with Named Plaintiff as the named Settlement Class representative, Keller Rohrback L.L.P. and Cohen Milstein Sellers & Toll, PLLC, and Stephen F. Wasinger, PLC as Class Counsel, and with a "Settlement Class" as defined above.

(b)     The Parties agree to stipulate to a certification of the Action as a non-opt out class action for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(b)(1) and/or (b)(2), on the foregoing terms.  If the Settlement does not become Final, then no Settlement Class will be deemed to have been certified by or as a result of this Settlement Agreement, and the Action will for all purposes revert to its status as of the day immediately prior to the date on which the Term Sheet was executed.

3.2.3   *Issuance of Class Notice*.  On the date and in the manner set by the Court in its Preliminary Approval Order, Ascension Health Alliance will cause notice of the Preliminary Approval Order to be delivered to the Settlement Class in the form and manner approved by the Court.  The Parties shall confer in good faith with regard to the form of the Class Notice in an effort to utilize cost effective forms of notice.  The Parties agree, and the form of Preliminary Approval Order attached hereto as <u>Exhibit 1</u> shall provide, that the last known addresses for members of the Settlement Class in the possession of the Plan's current record-keeper will suffice for all purposes in connection with this Settlement, including, without limitation, the mailing of the Class Notice.  Ascension Health Alliance will pay the cost for notice to the Settlement Class as part of the settlement administration.

3.2.4   *Internet/Publication of Class Notice*.  Class Counsel also shall have given Notice by publication of the Settlement Agreement and Class Notice on www.kellersettlements.com.

3.2.5   *The Fairness Hearing*.

(a)     On the date set by the Court in its Preliminary Approval Order, the Parties shall participate in the hearing (the "Fairness Hearing") during or after which the Court will determine by order (the "Final Approval Order", attached hereto as <u>Exhibit 2</u>) whether:  (i) this Settlement Agreement is fair, reasonable and adequate and should be approved by the Court; (ii) final judgment approving this Settlement Agreement should be entered ("Judgment"); (iii) the Settlement Class should be certified as a mandatory non-opt-out class meeting the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23; (iv) the requirements of Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with the distribution of the Class Notice to members of the Settlement Class; (v) the requirements of the Class Action Fairness Act have been satisfied; (vi) to award Plaintiff an Incentive Fee and if so, the amount; and (vii) to award attorneys' fees and further expenses to Class Counsel and other attorneys who represent members of the Settlement Class and if so, the amounts.

(b)     The Parties covenant and agree that they will reasonably cooperate with one another in obtaining an acceptable Final Approval Order at the Fairness Hearing and will not do anything inconsistent with obtaining such a Final Approval Order, except that Defendants may oppose the award of an Incentive Fee to Plaintiff.

3.2.6   *Motion for Final Approval of Class Action Settlement*.   On the date set by the Court in its Preliminary Approval Order, Plaintiff shall have filed a motion (the "Final Approval Motion") for a Final Approval Order.  The Final Approval Motion shall seek the Court's finding that the Final Approval Order is a final judgment disposing of all claims and all Parties.

3.3.    *Finality of Final Approval Order*.  The Final Approval Order shall have become Final, as defined in § 1.10 of this Settlement Agreement.

3.4.    *Compliance with the Class Action Fairness Act*.  The Court shall have determined that Defendants complied with the Class Action Fairness Act of 2005 ("CAFA") and its notice requirements by providing appropriate federal and state officials with information about the Settlement.

3.5.    *Dismissal of Action*.  The Action shall have been dismissed with prejudice as against Defendants on the Effective Date of Settlement.

3.6.    *Dismissal of United States of America*.  The United States of America shall have been dismissed with prejudice as a party to the Action by Plaintiff, with the United States and Plaintiff to each bear its own attorney's fees and costs, except only as provided by this Agreement.

3.7.    *Funding of Class Settlement Amount*.  Pursuant to Paragraph 3 of the Term Sheet, thirty (30) days after the Final Approval Order approving the settlement becomes Final and non-appealable, Ascension Health Alliance will make a one-time eight million dollar ($8,000,000) contribution to the Plans, allocated among the Plans in the sole discretion of Ascension Health Alliance .

3.8.    *No Termination*.  The Settlement shall not have terminated pursuant to § 9 below.

3.9.    *Materiality of Settlement Agreement Conditions*.  The Parties expressly acknowledge that the effectiveness of this Settlement Agreement is specifically conditioned upon the occurrence of each and every one of the foregoing conditions precedent prior to the Effective Date of Settlement Agreement, and that a failure of any condition set forth in §§ 3.1 through 3.8 above at any time prior to the Effective Date of Settlement Agreement shall make this Settlement Agreement, and any obligation to pay the eight million dollars ($8,000,000) or amounts specified in § 8.1.3, or any portion thereof, null, void, and of no force and effect.

3.10.   *Establishment of Effective Date of Settlement Agreement*.  If Plaintiff and Defendants disagree as to whether each and every condition set forth in § 3 has been satisfied, they shall promptly confer in good faith and, if unable to resolve their differences within five (5) business days thereafter, shall present their disputes for determination to the Court, which shall retain jurisdiction for this purpose.  No portion of the Class Settlement Amount shall be disbursed in the event of such a dispute pending the Court's ruling.  Disbursement shall thereafter be made pursuant to the Court's order.

4.      RELEASES AND COVENANT NOT TO SUE

4.1.    *Released Claims.* Released Claims shall mean any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs arising out of the allegations of the Complaint that were brought or could have been brought as of the date of the Settlement Agreement, including any current or prospective challenge to the "Church Plan" status of the Plans, whether or not such claims are accrued, whether already acquired or subsequently acquired, whether known or unknown, in law or equity, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim, or otherwise.  Plaintiff, on behalf of herself and on behalf of the Settlement Class, hereby expressly waives and relinquishes, to the fullest extent permitted by law and equity, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides:  "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor and any and all provisions, rights and benefits of any similar statute, law or principle or common law of the United States, any state thereof, or any other jurisdiction."  Released Claims are not intended to include the release of any of the following:

      4.1.1    Any rights or duties arising out of the Settlement Agreement, including the express warranties and covenants in the Settlement Agreement;

      4.1.2    Individual claims for benefits pursuant to the terms of the Plans' documents;

      4.1.3    Should the Roman Catholic Church ever disassociate itself from a Plan's sponsor, as that term is defined in the respective Plan documents, any claim arising under ERISA with respect to any event occurring after such action by the Roman Catholic Church;

      4.1.4    Any claim arising under ERISA with respect to any event occurring after the Internal Revenue Service issues a written ruling that a Plan does not qualify as a Church Plan; the United States Supreme Court holds that Church Plans must be established by a church or a convention or association of churches; or an amendment to ERISA is enacted and becomes effective as a law of the United States specifying that a Church Plan must be established by a church or a convention or association of churches.

4.2.    *Release by Named Plaintiff and Settlement Class.*  Subject to § 10 below, upon the Effective Date of Settlement, Named Plaintiff on behalf of herself and on behalf of the Settlement Class absolutely and unconditionally releases and forever discharges the Releasees from any and all Released Claims that Plaintiff or the Settlement Class directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have.  The Settlement Class covenants and agrees: (i) not to file against any of the Releasees any claim based on, related to, or arising from any Released Claim; and (ii) that the forgoing covenants and agreements shall be a complete defense to any such claim against any Releasee.

4.3.    *Defendants' Releases of Named Plaintiff, the Settlement Class, and Class Counsel.*  Subject to § 10 below, upon the Effective Date of Settlement, Defendants absolutely and unconditionally release and forever discharge the Named Plaintiff, the Settlement Class and Class Counsel from any and all claims relating to the institution or prosecution of the Action.

4.4. *Releasees' Release of Other Releasees*. Subject to § 10 below, upon the Effective Date of Settlement, each of the Releasees also releases each of the other Releasees from any and all Claims which were asserted in the Complaint or any pleading which would have been required to be filed in the Action or that would be barred by principles of res judicata or collateral estoppel had the claims asserted in the Complaint or any such other pleading in the Action been fully litigated and resulted in a Final judgment or order.

5. COVENANTS

Named Plaintiff, on her own behalf and on behalf of the members of the Settlement Class, the Plans, and Defendants, hereby covenants as follows:

5.1. *Taxation of Class Settlement Amount*. Named Plaintiff acknowledges that neither Defendants, Releasees nor any of their Representatives or Successors-In-Interest shall have any responsibility for any taxes that may be due on the Class Settlement Amount, or on any funds that the Plans, members of the Settlement Class, or Named Plaintiff receive from the Class Settlement Amount. Nothing herein shall constitute an admission or representation that any taxes will or will not be due on the Class Settlement Amount or any allocation or disbursement therefrom.

5.2. *Non-Disparagement*. The Parties, their counsel, and their agents shall refrain from making derogatory or disparaging comments as to the Settlement Agreement, Plaintiff, Plaintiff's Counsel, any Releasee, Defendants, the Plans, and/or Defendants' Counsel.

6. REPRESENTATIONS AND WARRANTIES

6.1. *Parties' Representations and Warranties*.

6.1.1 Named Plaintiff represents and warrants that she has not assigned or otherwise transferred any interest in any Released Claims against any Releasee, and further covenants that she will not assign or otherwise transfer any interest in any Released Claims.

6.1.2 Named Plaintiff represents and warrants that she shall have no surviving claim or cause of action against any of the Releasees with respect to the Released Claims against them.

6.1.3 The Parties, and each of them, represent and warrant that they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations among their counsel; in executing this Settlement Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; except as expressly stated herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representations, statements or omissions pertaining to any of the foregoing matters by any other Party or its Representatives; and each Party assumes the risk of and unconditionally waives any and all claims or defenses arising out of any alleged mistake as to facts or law.

6.1.4   The Parties, and each of them, represent and warrant that they have carefully read the contents of this Settlement Agreement; they have made such investigation of the facts and law pertaining to this Settlement Agreement and all of the matters pertaining thereto as they deem necessary; and this Settlement Agreement is executed freely by each Person executing it on behalf of each of the Parties.

6.2.   Signatories' Representations and Warranties.  Each individual executing this Settlement Agreement on behalf of any other Person does hereby personally represent and warrant to the other Parties that he or she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal which such individual represents or purports to represent.

7.   NO ADMISSION OF LIABILITY

The Parties understand and agree that this Settlement Agreement embodies a compromise and settlement of disputed claims, and that nothing in this Settlement Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding that ERISA governs the Plans and/or any wrongdoing by any of the Releasees as it pertains to the allegations of the Complaint.  This Settlement Agreement and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal, equitable, or factual.  Moreover, the Releasees specifically deny any such liability or wrongdoing.  Neither the fact nor the terms of this Settlement Agreement shall be offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Settlement Agreement or arising out of or relating to the Final Order.

8.   SETTLEMENT PAYMENTS

8.1.   *The Class Settlement Amount.*

8.1.1   As provided in § 3.7, thirty (30) days after the Final Approval Order approving the settlement becomes Final and non-appealable, Ascension Health Alliance shall make a one-time eight million dollar ($8,000,000) contribution to the Plans, allocated among the Plans in the sole discretion of Ascension Health Alliance.

8.1.2   The eight million dollar ($8,000,000) contribution pursuant to § 8.1.1 above shall constitute the "Class Settlement Amount."

8.1.3   *Payment to Plaintiff's Counsel.*  Defendants acknowledge Plaintiff will request that the Court award Plaintiff's Counsel its attorney fees and expenses, and Plaintiff herself an Incentive Fee, and Plaintiff agrees that the maximum amount Ascension Health Alliance will pay Plaintiff's Counsel for its attorney fees and expenses and Plaintiff's Incentive Fee is capped at two million dollars ($2,000,000).  Plaintiff's Counsel's attorney fees, expenses, and an Incentive Fee for Plaintiff will be subject to the discretion and approval of the District Court.  Defendants, their Representatives, and Successors-in-Interests will oppose the award of an Incentive Fee to Plaintiff.  Thirty (30) days after the Order approving the settlement becomes Final and non-

appealable, Ascension Health Alliance will pay Plaintiff's Counsel the maximum of two million dollars ($2,000,000) or any lesser amount as ordered by the District Court in its discretion.

       8.1.4   *Application for Fees, Expenses, and An Incentive Fee for Plaintiff.*  As provided in § 8.1.3 above, thirty (30) days after the Order approving the settlement becomes Final and non-appealable, Ascension Health Alliance shall pay Plaintiff's Counsel the amount specified in § 8.1.3.  Class Counsel shall petition the Court no later than thirty-one (31) days prior to the Fairness Hearing for an award of attorneys' fees and costs and an Incentive Fee to Plaintiff, as specified in § 8.1.3.  Defendants, their Representatives and Successors-In-Interest expressly agree not to contest or take any position with respect to any application for attorneys' fees and expenses incurred by Class Counsel with respect to this Settlement, and acknowledge that these matters are left to the sound discretion of the Court with the exception that Defendants, their Representatives, and Successors-in-Interests will oppose the award of an Incentive Fee to Plaintiff.

8.2.   *Cost of Notice.*  Ascension Health Alliance shall pay the cost for class notice in addition to the amounts specified in § 8.1.

8.3.   *Sole Monetary Contributions*.  The payments provided for in § 8.1 and § 8.2 shall be the full and sole consideration made by or on behalf of the Releasees in connection with the Action and this Settlement Agreement.  The amount specified in § 8.1.3 specifically satisfies any claims for costs and attorneys' fees by Class Counsel and claims for an Incentive Fee to Named Plaintiff.  Except as set forth above, the Parties shall bear their own costs and expenses (including attorneys' fees).

9.   AGREED UPON PLAN PROVISIONS

9.1.   *Scope*.  The provisions of the Settlement Agreement shall apply to all Plans.  Each of the Plans as defined in § 1.14 is referred to singularly as a Plan.

9.2.   *Benefits Commitment*.  For the period commencing on January 1, 2015 through June 30, 2022, Ascension Health Alliance will guarantee the Plans have sufficient funds to pay participants the level of benefit stated in the Plans.

9.3.   *Plan Mergers*.  For the period commencing on January 1, 2015 through June 30, 2022, if any Plan is merged with or into another Plan, participants will be entitled to the same (or greater) benefits post-merger as they enjoyed before the merger.

9.4.   *Plan Amendments*.  For the period commencing on January 1, 2015 through June 30, 2022, in the case of an amendment to any Plan, the actuarial value of a participant's accrued benefit under the terms of the Plan shall be no less than it was the day immediately prior to the effective date of the amendment.

9.5.   *Plan Termination*.  For the period commencing on January 1, 2015 through June 30, 2022, none of the Plans may be terminated unless there are sufficient assets to meet the life annuity and lump sum distribution amounts (as those terms are defined by the relevant Plan), elected by participants in a termination, including any administrative costs.

9.6.   *Plan Administration.*  The Plan documents shall:  (a) name a fiduciary; (b) provide a procedure for establishing and carrying out the current funding policy and method; (c) describe a procedure for allocation of administration responsibilities; (d) provide a procedure for plan amendments and identifying the persons with authority to make such amendments; (e) specify the basis on which payments are made to and from the Plans; and (f) provide a joint and survivor annuity as currently defined in the Plans.

9.7.   *Summary Plan Descriptions.*  The Plans' summary plan descriptions shall be distributed within four months of the time that the Order approving the settlement becomes Final and non-reviewable. The summary plan descriptions shall: (a) exclude any mention of ERISA or information about ERISA rights; (b) include information about the Plans' Church Plan status, including that the Plans' benefits are not insured by the Pension Benefit Guaranty Corporation; (c) make it clear that the Plans are Church Plans; (d) be in the same form and manner as they are now written; (e) not comply with ERISA § 102; (f) be distributed electronically; however, if a participant sends a written request for an summary plan description, once during any calendar year a summary plan description will be provided in hard copy format at the expense of the participant.

9.8.   *Annual Summaries, Pension Benefit Statements, and Current Benefit Values.*  The Plans' annual summaries, pension benefit statements, and/or current benefit values (the content of said communications to be determined solely by Ascension) will be distributed electronically in the format determined by Ascension, or on request, and at the expense of the participant, once during any calendar year paper copies of such documents will be provided.

   9.8.1   Annual Summaries.  Annual summaries shall include: (a) plan names and EIN; (b) plan years covered by the summary; (c) summary of funding arrangements; (d) summary of Plan's expenses; (e) information as to the number of participants at year end; (f) summary of the value of net assets at beginning and end of each year; (g) a statement of the Plan's assets and liabilities; (h) summary information as to the increase and/or decrease in net plan assets annually; (i) summary information as to Plan's total income; and (j) a statement of assets and liabilities consistent with the Plans' methodologies, not later than the next October 1 following the end of each plan year.

   9.8.2   Pension Benefit Statements.  Ascension shall provide pension benefit statements at least every three years, the content, distribution and format to be determined solely by Ascension.

   9.8.3   Current Benefit Values.  Ascension will respond to requests from participants for current benefit values information, as determined solely by Ascension, within thirty (30) days after receiving a written request from a participant.  However, Ascension may unilaterally extend its deadlines to respond by an additional thirty (30) days, by providing written notice to the participant.

9.9.   *Plans' Claim Review Procedure.*  The Plans' claim review procedures, which shall be included as part of Summary Plan Descriptions, shall state: (a) the identity of the person or entity to whom a claim should be addressed; (b) the time period for filing a claim; (c) the information that must be provided in support of the claim; (d) if a claim is denied, in whole or in part, the

person to whom an appeal should be sent; (e) the time period for filing a claim appeal; (f) the information the claimant must provide in support of an appeal; and (g) any statute of limitation period for filing a benefits related claim.

10.     TERMINATION OF THE SETTLEMENT AGREEMENT

10.1.   *Termination By Defendants.*  Defendants may terminate this Settlement Agreement if, before the issuance of the Final Approval Order, the U.S. Department of Justice files any objection to the Settlement Agreement or Settlement in any court, brings a claim against any of the Releasees, or notifies any Releasee that it intends to file such a claim.  Defendants also may terminate this Settlement Agreement if, before the issuance of the Final Approval Order, a member of the Settlement Class brings a claim against any of the Releasees, or notifies any Releasee that it intends to file such a claim.

10.2.   *Automatic Termination.*  This Settlement Agreement shall automatically terminate, and thereupon become null and void, in the following circumstances:

10.2.1  If the Court declines to approve the Settlement, and if such order declining approval has become Final, then this Settlement Agreement shall automatically terminate, and thereupon become null and void, on the date that any such order becomes Final, provided, however, that if the Court declines to approve the Settlement for any reason, the Parties shall negotiate in good faith to cure any deficiency identified by the Court, and further provided that if necessary to cure any such deficiency, Class Counsel shall re-submit within a reasonable time the Preliminary or Final Approval Motion with an additional or substitute member of the Settlement Class as a named Class Representative.

10.2.2  If the Court issues an order in the Action modifying the Settlement Agreement, and if within thirty-one (31) days after the date of any such ruling the Parties have not agreed in writing to proceed with all or part of the Settlement Agreement as modified by the Court or by the Parties, then, provided that no Review Proceeding is then pending from such ruling, this Settlement Agreement shall automatically terminate, and thereupon become null and void, on the thirty-first day after issuance of the order referenced in this § 10.2.2.

10.2.3  If the Sixth Circuit reverses the District Court's order approving the Settlement, and if within ninety-one (91) days after the date of any such ruling the Parties have not agreed in writing to proceed with all or part of the Settlement Agreement as modified by the Sixth Circuit or by the Parties, then, provided that no Review Proceeding is then pending from such ruling, this Settlement Agreement shall automatically terminate, and thereupon become null and void, on the ninety-first day after issuance of the Sixth Circuit order referenced in this § 10.2.3.

10.2.4  If the Supreme Court of the United States reverses or remands a Sixth Circuit order approving the Settlement, and if within thirty-one (31) days after the date of any such ruling the Parties have not agreed in writing to proceed with all or part of the Settlement Agreement as modified by the Supreme Court or by the Parties, then this Settlement Agreement shall automatically terminate, and thereupon become null and void, on the thirty-first day after issuance of the U.S. Supreme Court order referenced in this § 10.2.4.

10.2.5  If a Review Proceeding is pending of an order declining to approve the Settlement Agreement or modifying this Settlement Agreement, this Settlement Agreement shall not be terminated until Final resolution or dismissal of any such Review Proceeding, except by written agreement of the Parties.

10.3.  *Consequences of Termination of the Settlement Agreement*.  If the Settlement Agreement is terminated and rendered null and void for any reason, the following shall occur:

10.3.1  The Action shall for all purposes with respect to the Parties revert to its status as of the day immediately prior to the execution of the Term Sheet.  The Parties will cooperate in trying to return the Action to the Sixth Circuit for decision on the matters pending before the Sixth Circuit at the time of execution of the Term Sheet.  The Parties agree that Plaintiff will not be deemed to have waived her right to appeal the Court's May 9, 2014 dismissal of the Complaint.

10.3.2  All Releases given or executed pursuant to the Settlement Agreement shall be null and void; none of the terms of the Settlement Agreement shall be effective or enforceable; neither the fact nor the terms of the Settlement Agreement shall be offered or received in evidence in this Action or in any other action or proceeding for any purpose, except in an action or proceeding arising under this Settlement Agreement.

11.    MISCELLANEOUS PROVISIONS

11.1.  *Jurisdiction*.  The Court shall retain jurisdiction over all Parties, the Action, and this Settlement Agreement to resolve any dispute that may arise regarding this Settlement Agreement or the orders and notice referenced in § 3 above, including any dispute regarding validity, performance, interpretation, administration, enforcement, enforceability, or termination of the Settlement Agreement and no Party shall oppose the reopening and reinstatement of the Action on the Court's active docket for the purposes of effecting this § 11.1.

11.2.  *Governing Law.*  This Settlement Agreement shall be governed by the laws of the United States, including federal common law, except to the extent that, as a matter of federal law, state law controls, in which case Missouri law will apply without regard to conflict of law principles.

11.3.  *Severability*.  The provisions of this Settlement Agreement are not severable.

11.4.  *Amendment*.  Before entry of a Final Approval Order, any common law to the contrary notwithstanding, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Parties.  Following entry of a Final Approval Order, any common law to the contrary notwithstanding, the Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Parties, and approved by the Court.

11.5.  *Waiver*.  The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving Party.  The waiver by any Party of any breach of this Settlement Agreement shall not be deemed to be or construed as a waiver of any other breach of this Settlement Agreement, whether prior, subsequent, or contemporaneous with this Settlement Agreement.

11.6.   *Construction*.  None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against a drafter.

11.7.   *Principles of Interpretation*.  The following principles of interpretation apply to this Settlement Agreement:

11.7.1   *Headings*.  The headings of this Settlement Agreement are for reference purposes only and do not affect in any way the meaning or interpretation of this Settlement Agreement.

11.7.2   *Singular and Plural*.  Definitions apply to the singular and plural forms of each term defined.

11.7.3   *Gender*.  Definitions apply to the masculine, feminine, and neuter genders of each term defined.

11.7.4   *References to a Person*.  References to a Person are also to the Person's permitted successors and assigns.

11.7.5   *Terms of Inclusion*.  Whenever the words "include," "includes" or "including" are used in this Settlement Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

11.8.   *Further Assurances*.  Each of the Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that they will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter and purpose of this Settlement Agreement.

11.9.   *Survival*.  All representations, warranties and covenants set forth in this Settlement Agreement shall be deemed continuing and shall survive the Effective Date of Settlement.

11.10.   *Notices*.  Any notice, demand or other communication under this Settlement Agreement (other than notices to members of the Settlement Class) shall be in writing and shall be deemed duly given if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), sent by confirmed facsimile, or delivered by reputable express overnight courier:

A.      IF TO NAMED PLAINTIFF:

        Lynn Lincoln Sarko
        Ron Kilgard
        Havila C. Unrein
        Laurie B. Ashton
        Matthew M Gerend
        KELLER ROHRBACK L.L.P.
        1201 Third Avenue, Suite 3200
        Seattle, WA  98101-3052
        Fax: (206) 623-3384

15

Karen L. Handorf
Michelle C. Yau
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., NW, Suite 500 West
Washington, DC 20005
Fax: (202) 408-4699

Stephen F. Wasinger
STEPHEN F WASINGER PLC
32121 Woodward Avenue, Suite 300
Royal Oak, MI 48073
Fax: (248) 544-1501

B.      IF TO DEFENDANTS:

Howard Shapiro
Robert W. Rachal
Stacey C.S. Cerrone
PROSKAUER ROSE LLP
650 Poydras Street, Suite 1800
New Orleans, LA  70130
Fax:  (504) 310-2022

Michael P. Coakley
Paul Hudson
Brian M. Schwartz
MILLER, CANFIELD
150 W. Jefferson Avenue, Suite 2500
Detroit, MI 48226-4415
Fax: (313) 496-8451

Any Party may change the address at which it is to receive notice by written notice delivered to the other Parties in the manner described above.

11.11.  *Entire Agreement*.  This Settlement Agreement contains the entire agreement among the Parties relating to the settlement of the Action.  It specifically supersedes any settlement terms or settlement agreements relating to Defendants that were previously agreed upon orally or in writing by any of the Parties, including the terms of the Term Sheet and any and all discussions, representations, warranties or the like prior to the Effective Date of this Settlement Agreement.

11.12.  *Counterparts*.  This Settlement Agreement may be executed by exchange of faxed executed signature pages, and any signature transmitted by facsimile for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement.  This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

11.13. *Binding Effect*.  This Settlement Agreement binds and inures to the benefit of the parties hereto, their assigns, heirs, administrators, executors and Successors-in-Interest.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates set forth below.

### *FOR NAMED PLAINTIFF AND THE SETTLEMENT CLASS*

Dated this 7th day of May, 2015.

By: _____
        Lynn L. Sarko
Ron Kilgard
Havila C. Unrein
Laurie B. Ashton
Matthew M Gerend
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Karen L. Handorf
Michelle C. Yau
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., NW, Suite 500 West
Washington, DC 20005

Stephen F. Wasinger
STEPHEN F WASINGER PLC
32121 Woodward Avenue, Suite 300
Royal Oak, MI 48073

*Class Counsel*

17

*FOR ALL DEFENDANTS*

      Dated this 7th day of May, 2015.
      .

By: _____
      Howard Shapiro
PROSKAUER ROSE LLP
650 Poydras Street, Suite 1800
New Orleans, LA  70130

Michael P. Coakley
Brian M. Schwartz
MILLER, CANFIELD
150 W. Jefferson Avenue, Suite 2500
Detroit, MI 48226-4415
Phone: 313-496-7551

*Attorneys for All Defendants*

18

# EXHIBIT 1
## to

# CLASS ACTION SETTLEMENT AGREEMENT

## (Proposed] Order Preliminarily Approving Settlement, Notice Procedures and Confirming Final Settlement Hearing)

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| MARILYN OVERALL, on behalf of herself, individually, and on behalf of all others similarly situated, | ) ) ) | Civil No. 13-cv-11396-AC-LJM |
| | ) | Hon. Avern Cohn |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ASCENSION HEALTH, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, NOTICE PROCEDURES AND CONFIRMING FINAL SETTLEMENT HEARING

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), with respect to all Ascension plans currently operated as or claimed by Ascension to be church plans[1] as of the date the Settlement becomes final and non-appealable.[2]

---

[1] Including but not limited to: Ascension Health Pension Plan, Borgess Health Alliance Pension Plan, Carondelet Health Pension Plan, Catholic Health Partners Pension Plan, Columbia Hospital Retirement Plan, St. John Health Pension Plan, St. Joseph Health System Pension Plan, St. Joseph Regional Medical Center Pension Plan, St. Mary's Healthcare Pension Plan, Genesys Regional Medical Center Retirement Plan, Via Christi Health Cash Balance Plan, Alexian Brothers Health System Basic Pension Plan, Alexian Brothers of San Jose, Inc. Bargaining Unit Pension Plan, Affinity Health System Retirement Plan, St. John Health System Employee Retirement Plan, and Ministry Health Care Employee Retirement Plan (collectively, the "Plan" or "Plans").

[2] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the Class Action Settlement Agreement.

1

Presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants.  The terms of the Settlement are set forth in the Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement"), executed by counsel on May 7, 2015 on behalf of the Parties. Plaintiff has filed a Motion for Preliminary Approval of the Settlement, pursuant to which the Court has considered the Settlement to determine, among other things, whether to approve preliminarily the Settlement, certify preliminarily a Settlement Class, authorize the dissemination of Class Notice to members of the Settlement Class, and set a date and time for the Final Fairness Hearing.  Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.  <u>Class Findings.</u>  The Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the "Settlement Class" defined below, in that:

a)  The Court preliminarily finds that the Settlement Class is ascertainable from records kept with respect to the Plans and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.  Rule 23(a)(1) is satisfied.

b)      The Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class.  Rule 23(a)(2) is satisfied.

c)      The Court preliminarily finds that the Named Plaintiff's claims are typical of the claims of the Settlement Class.  Rule 23(a)(3) is satisfied.

d)      The Court preliminarily finds that the Named Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the Named Plaintiff's interests and the nature of claims alleged are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among the Named Plaintiff and the Settlement Class; and (iii) the Named Plaintiff and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.  Rule 23(a)(4) is satisfied.

e)      The Court preliminarily finds that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for Defendants; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.  Rule 23(b)(1) is

satisfied.

   f)  Alternatively, the Court preliminarily finds that Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, and such conduct may be subject to appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole.  Rule 23(b)(2) is satisfied.

   g)  The Court preliminarily finds that Keller Rohrback L.L.P., Cohen Milstein Sellers & Toll, PLLC, and Stephen F. Wasinger PLC ("Class Counsel") are capable of fairly and adequately representing the interests of the Settlement Class.  Class Counsel have done extensive work identifying or investigating potential claims in the action, have litigated the validity of those claims through the motion to dismiss the case.  Class Counsel are experienced in handling class actions, other complex litigation, and claims of the type asserted in the Action.  Class Counsel are knowledgeable about the applicable law, and have committed the necessary resources to represent the Settlement Class. Rule 23(g) is satisfied.

   2.  <u>Class Certification</u>.  Based on the findings set forth above, the Court preliminarily certifies the following class under Federal Rules of Civil Procedure 23(b)(1) and/or (2) and 23(e) in this litigation (the "Settlement Class"):

> All participants in or beneficiaries of any of the defined benefit
> pension plans maintained, sponsored, or claimed by Ascension as

4

Church Plans, including but not limited to: Ascension Health Pension Plan, Borgess Health Alliance Pension Plan, Carondelet Health Pension Plan, Catholic Health Partners Pension Plan, Columbia Hospital Retirement Plan, St. John Health Pension Plan, St. Joseph Health System Pension Plan, St. Joseph Regional Medical Center Pension Plan, St. Mary's Healthcare Pension Plan, Genesys Regional Medical Center Retirement Plan, Via Christi Health Cash Balance Plan, Alexian Brothers Health System Basic Pension Plan, Alexian Brothers of San Jose, Inc. Bargaining Unit Pension Plan, Affinity Health System Retirement Plan, St. John Health System Employee Retirement Plan, and Ministry Health Care Employee Retirement Plan (collectively, the "Plan" or "Plans") on or before the Effective Date of Settlement (the "Class Period).

The Court preliminarily appoints Marilyn Overall, the Named Plaintiff, as the class representative for the Settlement Class, and Keller Rohrback L.L.P., Cohen Milstein Sellers & Toll, PLLC and Stephen F. Wasinger PLC as Class Counsel for the Settlement Class.

3.      Preliminary Findings Regarding Proposed Settlement.  The Court preliminarily finds that: (a) the proposed Settlement resulted from informed, extensive arm's-length negotiations, including participating in the mediation program sponsored by the Sixth Circuit; (b) Class Counsel has concluded that the proposed Settlement is fair, reasonable, and adequate; and (c) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

4.      Final Fairness Hearing.  A hearing is scheduled for _____, 2015, at __ _.m. (the "Fairness Hearing") to determine, among other things:

(a)    Whether the Settlement should be approved as fair, reasonable, and adequate;

(b)    Whether the Complaint should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

(c)    Whether the Class Notice provided for by the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(d)    Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

(e)    Whether the application for payment for attorneys' fees and expenses to Class Counsel should be approved; and

(f)    Whether the application for an incentive fee for the Named Plaintiff should be approved.

5.    <u>Class Notice</u>. A proposed form of Class Notice is attached hereto as Exhibit A. With respect to such form of Class Notice, the Court finds that

such form fairly and adequately: (a) describes the terms and effect of the Settlement Agreement; (b) notifies the Settlement Class that Class Counsels' attorney fees and expenses, and Named Plaintiff's incentive fee, paid according to ¶¶ 8.1.3 and 8.1.4 of the Settlement Agreement; (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (e) describes how the recipients of the Class Notice may object to any of the relief requested.  The Court directs that Class Counsel shall:

(a)     By no later than sixty (60) days before the Fairness Hearing, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be sent to each Person within the Settlement Class who can be identified by the Plans' current recordkeeper.  Such notice shall be in a form that the Parties have deemed to be cost effective, sent to the last known address for members of the Settlement Class.  Ascension Health Alliance will pay the cost for notice to the Settlement Class as part of the settlement administration.

(b)     By no later than sixty (60) days before the Fairness Hearing, cause the Settlement Agreement and the Class Notice to be published on the website identified in the Class Notice.

(c)     At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing Class Notice mailing and publication requirements.

(d)     By no later than thirty-one (31) days before the Fairness Hearing, Class Counsel shall file motions for final approval of the Settlement, attorneys' fees and expenses, and an incentive fee to the Named Plaintiff.

6.     <u>Objections to Settlement</u>.  Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the application for payment of attorneys' fees and expenses, or to the application for an incentive fee for the Named Plaintiff, may timely file an Objection in writing no later than _____ [fourteen (14) days prior to the Fairness Hearing].   All written objections and supporting papers must: (1) clearly identify the case name and number "*Overall v. Ascension, Case No. 13-cv-11396-AC-LJM*;" (2) be filed with the Court and postmarked and mailed to Class Counsel and Defendants' Counsel at the addresses below on or before fourteen (14) days before the Fairness Hearing; (3) set forth the objector's full name, current address, and telephone number; (4) set forth a statement of the position the objector wishes to assert, including the factual and legal grounds for the position; (5) set forth the names and a summary of testimony of any witnesses that the objector might want to call in connection with the

Objection; (6) provide copies of all documents that the objector wishes to submit in support of his/her position; (7) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the objector; and (8) state the name, court, and docket number of any class action litigation in which the objector and/or his/her attorney(s) has previously appeared as an objector or provided legal assistance with respect to an objection; and (9) include the objector's signature.

The addresses for filing objections with the Court and service on counsel are as follows:

To the Court:

Clerk of the Court
United States District Court
Eastern District of Michigan
555 Theodore Levin US Courthouse
231 W. Lafayette Blvd.
Detroit, MI  48226

Re:  <u>Overall v. Ascension</u>, No. 13-cv-11396-AC-LJM

To Class Counsel:

Lynn Lincoln Sarko, Esq.
KELLER ROHRBACK L.L.P
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Fax: (206) 623-3384

Karen L. Handorf
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005
Fax: (202) 408-4699

Stephen F. Wasinger
STEPHEN F. WASINGER PLC
300 Balmoral Centre
32121 Woodward Avenue
Royal Oak, MI  48073-0999
Fax: (248) 544-1501

To Defendants' Counsel:

Howard Shapiro
Robert W. Rachal
Stacey C.S. Cerrone
PROSKAUER ROSE, LLP
650 Poydras Street, Suite 1800
New Orleans, LA  70130
Fax (504) 310-2022

Michael P. Coakley
Brian M. Schwartz
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 W. Jefferson Avenue, Suite 2500
Detroit, MI 48226-4415
Fax: (313) 496-8451

If an objector hires an attorney to represent him or her for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than fourteen (14) days before the date of the Fairness Hearing. Any member of the Settlement Class or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

7. <u>Appearance at Fairness Hearing</u>.  Any objector who files and serves a timely, written objection in accordance with paragraph 6 above, may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and on the Defendants' counsel (at the addresses set out above).  The objector must also file the notice of intention to appear with the Court by no later than fourteen (14) days before the date of the Fairness Hearing.  Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

8. <u>Notice Expenses</u>.  The expenses of printing and mailing all notices required hereby shall be paid by Ascension Health Alliance as provided in Paragraph 8.2 of the Settlement Agreement.

9. <u>Service of Papers</u>.  Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

11

10.     <u>Termination of Settlement</u>.  This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement.  In such event, Section 10 of the Settlement Agreement shall govern the rights of the parties.

11.     <u>Use of Order</u>.  In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against the Defendants, the Named Plaintiff or the Settlement Class.

12.     <u>Continuance of Hearing</u>.  The Court may continue the Final Fairness Hearing without further written notice.

SO ORDERED this _____ day of _____, 2015.


_____
Hon. Avern Cohn, U.S.D.J.

# EXHIBIT A
## to

# [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, NOTICE PROCEDURES AND CONFIRMING FINAL SETTLEMENT HEARING

# (Notice of Proposed Settlement of ERISAClass Action Litigation, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Expenses)

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| MARILYN OVERALL, on behalf of herself, individually, and on behalf of all others similarly situated, | ) ) ) | Civil No. 13-cv-11396-AC-LJM |
| | ) | Hon. Avern Cohn |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ASCENSION HEALTH, et al., | ) | |
| Defendants. | ) ) | |

## NOTICE OF PROPOSED SETTLEMENT OF ERISA CLASS ACTION LITIGATION, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

This notice ("Notice") advises you of a proposed settlement (the "Settlement") of a class action lawsuit brought by plaintiff Marilyn Overall (the "Named Plaintiff") on behalf of herself, the Plans (referred to below), and as a representative of the Settlement Class against Defendants alleging that they breached their fiduciary duties and violated the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

## PLEASE READ THIS NOTICE CAREFULLY.
## A FEDERAL COURT AUTHORIZED THIS NOTICE.
## THIS IS NOT A SOLICITATION.
## YOU HAVE NOT BEEN SUED.

As described in more detail below, the case concerns allegations that Defendants violated ERISA and that Defendants' claim that the Plans are exempt from ERISA's protections because they are "church plans" is improper. The case was dismissed by the District Court and judgment was entered in favor of Defendants. The case was pending on appeal at the time of the Settlement.

The Settlement will provide for a cash contribution of $8,000,000 (eight million dollars) to the defined benefit pension Plans (referred to below) to settle the claims against Defendants (listed below). Because the Plans are defined benefit pension plans, and not defined contribution plans like 401(k) plans with individual accounts, the cash amount will be contributed to the Plans as a whole, rather than to the individual accounts of the Plans' participants and beneficiaries. Additionally, the Settlement provides significant non-monetary equitable consideration, in that

1

Questions? Visit www.kellersettlements.com.
DO NOT CALL THE COURT
as they cannot answer your questions.

the participants in the Plans will receive certain ERISA-like financial and administrative protections for the next seven and one-half years as described below.

The Court in charge of this case still has to decide whether to approve the Settlement. Payment will be made only if the Court approves the Settlement and that approval is upheld if there are any appeals. This process is explained in greater detail below.

**Your legal rights might be affected if you are a member of the Settlement Class. "Settlement Class" means:** All participants in or beneficiaries of any of the defined benefit pension plans maintained, sponsored, or claimed by Ascension as Church Plans, including but not limited to: Ascension Health Pension Plan, Borgess Health Alliance Pension Plan, Carondelet Health Pension Plan, Catholic Health Partners Pension Plan, Columbia Hospital Retirement Plan, St. John Health Pension Plan, St. Joseph Health System Pension Plan, St. Joseph Regional Medical Center Pension Plan, St. Mary's Healthcare Pension Plan, Genesys Regional Medical Center Retirement Plan, Via Christi Health Cash Balance Plan, Alexian Brothers Health System Basic Pension Plan, Alexian Brothers of San Jose, Inc. Bargaining Unit Pension Plan, Affinity Health System Retirement Plan, St. John Health System Employee Retirement Plan, and Ministry Health Care Employee Retirement Plan (collectively, the "Plan" or "Plans") on or before the Effective Date of Settlement (the "Class Period").

**Identification of Key Terms:** This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in the Class Action Settlement Agreement (the "Settlement Agreement"). The Settlement Agreement, and additional information with respect to this lawsuit and the Settlement, are available at www.kellersettlements.com.

**Reasons for the Settlement:** The Settlement resolves all claims in the Action against Defendants. The Settlement is not, and should not be construed as, an admission of any fault, liability or wrongdoing whatsoever by any of the Defendants, who continue to deny any and all of the allegations of the Complaint. The Named Plaintiff and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. The Named Plaintiff and Class Counsel believe that the Settlement provides a substantial benefit in the form of $8,000,000 in cash, plus significant Plan administration provisions, as compared to the risks, costs and delays of proceeding with this litigation against Defendants.

**Identification of Class Counsel:** Any questions regarding the Settlement should be directed to Class Counsel: Lynn Lincoln Sarko, Keller Rohrback L.L.P., 1201 Third Avenue, Suite 3200, Seattle, WA 98101; Karen Handorf, Cohen Milstein Sellers & Toll, PLLC, 1100 New York Avenue, N.W., Suite 500, West Tower, Washington, D.C. 20005; Stephen F. Wasinger, Stephen F. Wasinger PLC, 32121 Woodward Avenue, Suite 300, Royal Oak, MI 48073. Please do not contact the Court. They will not be able to answer your questions.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT**

**Questions? Visit www.kellersettlements.com.**
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

**BEING SUED IN THIS MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

| ACTIONS YOU MAY TAKE IN THE SETTLEMENT | |
|---|---|
| NO ACTION IS NECESSARY. | If the Settlement is approved by the Court and you are a member of the Settlement Class, you do not need to do anything. |
| YOU CAN OBJECT NO LATER THAN _____, 2015. | If you wish to object to any part of the Settlement, you can write to the Court and explain why you do not like the Settlement. |
| YOU CAN GO TO THE HEARING ON _____, 2015 BY FILING A NOTICE OF INTENTION TO APPEAR NO LATER THAN _____, 2015 | If you have submitted a written objection to the Court, you can ask to speak in Court about the fairness of the Settlement.  You may enter your appearance in Court through an attorney if you so desire. |

## WHAT THIS NOTICE CONTAINS

**Summary of Settlement**................................................................................**4**
**Basic Information**....................................................................................**5**
    1.   Why did I get this Notice package?....................................................5
    2.   How do I know whether I am part of the Settlement?...................................6
    3.   What does the Settlement provide? ...........................................6
    4.   What is the lawsuit about? What has happened so far?................................7
    5.   Why is this case a class action?....................................................7
    6.   Why is there a Settlement?........................................................8
    7.   How will the Settlement be distributed to the Plans?...................................8
    8.   What rights am I giving up in the Settlement?..............................................8
    9.   Can I exclude myself from the Settlement? .................................9

**The Lawyers Representing You** .........................................................**9**
    10.  Do I have a lawyer in the case?.....................................................9
    11.  How will the lawyers be paid? ........................................................9

**Objecting to the Settlement or the Attorneys' Fees** .............................**10**
    12. How do I tell the Court if I don't like the Settlement? ....................................10

**The Court's Fairness Hearing** .................................................................**11**
    13.  When and where will the Court decide whether to approve the Settlement? 11
    14.  Do I have to come to the hearing?.................................................11
    15.  May I speak at the hearing?.........................................................12

**Questions? Visit www.kellersettlements.com.**
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

**If You Do Nothing** ............................................................................................... **12**

    16.   What happens if I do nothing at all? ............................................................ 12

**Getting More Information** ................................................................................... **12**

    17. How do I get more information? ..................................................................... 12

This litigation (the "Action") was filed in federal district court against Ascension Health, Ascension Health Alliance, and Catholic Health Investment Management Company (collectively, "Ascension" or the "Company") and the following persons named as defendants in the Complaint (defined below): Derek Beecher, Jean deBlois, Eric Feinstein, William Finlayson, Timothy Flesch, Trennis Jones, Kathleen Kelly, Ellen Kron, Tom Langston, Laura Lentenbrink, Patrick McGuire, Joseph O. Murdock, Theresa Peck, Barbara Potts, Larry Smith, Anthony Tersigni, Herbert Vallier, Douglas Waite, Frank Warning, and Carol Whittington (collectively, "Defendants"). The Named Plaintiff and Defendants are referred to herein as the "Parties."

A copy of the Class Action Complaint ("Complaint") and other documents germane to this Settlement are available at www.kellersettlements.com.

SUMMARY OF SETTLEMENT

Thirty (30) days after the Order approving the Settlement becomes final and non-appealable, a one-time contribution of $8,000,000 will be made to the Plans and allocated among the Plans in the sole discretion of Ascension. Additionally, the Settlement provides significant non-monetary equitable consideration, in that the participants in the Plans will receive certain ERISA-like protections for the next seven and one-half years. Defendants have agreed to pay $2,000,000 to be used to fund Class Counsel's requested attorneys' fees and expenses and an Incentive Fee to the Named Plaintiff. The District Court has the sole discretion as to whether, and/or in what amounts up to $2,000,000, to award attorney's fees, expenses, or an Incentive Fee.

As with any litigation, the Parties would face an uncertain outcome if the Action were to continue against Defendants. Continued litigation of the Action against Defendants could result in a judgment or verdict greater or less than the recovery under the Settlement Agreement, or in no recovery at all. Throughout this litigation, the Named Plaintiff and Defendants have disagreed on both liability and damages, and they do not agree on the amount that would be recoverable even if the Plaintiff were to prevail at trial. Defendants, among other things: (1) have denied, and continue to deny, the material allegations of the Complaint; (2) have denied, and continue to deny, any wrongdoing or liability whatsoever; (3) believe that they acted at all times reasonably and prudently with respect to the Plans, their participants and beneficiaries, and the Settlement Class; (4) would assert certain other defenses if this Settlement is not consummated; and (5) are entering into the Settlement solely to avoid the cost, disruption, and uncertainty of litigation. Nevertheless, the Parties have taken into account the uncertainty and risks inherent in this litigation, particularly its complex nature, and have concluded that it is desirable that the Action be fully and finally settled on the terms and conditions set forth in the Settlement Agreement.

4

**Questions? Visit www.kellersettlements.com.**
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

Class Counsel in the Action will apply to the Court for an order awarding Class Counsel's attorneys' fees and expenses not in excess of the $2,000,000 to be deposited for this purpose. Class Counsel will also apply to the Court for the Named Plaintiff will be awarded an Incentive Fee in the amount of $15,000, to be taken from the $2,000,000, for her time, effort, and expenses spent in the prosecution of this Action.  Defendants will oppose the award of an Incentive Fee to Plaintiff.

Please visit www.kellersettlements.com if you have additional questions.

## BASIC INFORMATION

**1.      Why did I get this Notice package?**

Either you or someone in your family may have been a participant in or beneficiary of one of the Plans during the Class Period. The Court has directed that this Notice be sent to you because, as a potential member of the Settlement Class, you have a right to know about the proposed Settlement with Defendants before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and all related objections and appeals are favorably resolved, the Defendants will make a one-time contribution of $8,000,000 to the Plans.

This Notice explains the Action, the Settlement, and your legal rights. The purpose of this Notice is to inform you of a hearing (the "Fairness Hearing") to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement, and to consider the application of Class Counsel for their attorneys' fees and reimbursement of litigation expenses as well as an application for an Incentive Fee to the Named Plaintiff.

The Fairness Hearing will be held at ___ _.m. on _____, 2015 before the Honorable Avern Cohn in the United States District Court for the Eastern District of Michigan, 555 Theodore Levin US Courthouse, 231 W. Lafayette Blvd., Detroit, MI  48226, to determine:

(a)      Whether the Settlement should be approved as fair, reasonable, and adequate;

(b)      Whether the Complaint should be dismissed with prejudice pursuant to the terms of the Settlement;

(c)      Whether the Class Notice provided for by the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

5

**Questions? Visit www.kellersettlements.com.**
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

(d)     Whether the Settlement Class should be certified pursuant to Federal Rule of Civil Procedure 23(a) & (b) for purposes of the Settlement and, with respect thereto, whether Keller Rohrback L.L.P., Cohen Milstein Sellers & Toll, PLLC, and Stephen F. Wasinger PLC should be appointed as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g);

(e)     Whether the application for attorneys' fees and expenses filed by Class Counsel should be approved; and

(f)     Whether the application for an Incentive Fee to the Named Plaintiff should be approved.

The issuance of this Notice is not an expression of the Court's opinion on the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, a contribution to the Plan will be made after all related appeals, if any, are favorably resolved. It is always uncertain whether such appeals can be favorably resolved, and resolving them can take time, perhaps more than a year. Please be patient.

**2.     How do I know whether I am part of the Settlement?**

The Court has certified the Action as a class action. You are a member of the Settlement Class if you were a participant in or beneficiary of any of the defined benefit pension plans maintained, sponsored, or claimed by Ascension as Church Plans, including but not limited to: Ascension Health Pension Plan, Borgess Health Alliance Pension Plan, Carondelet Health Pension Plan, Catholic Health Partners Pension Plan, Columbia Hospital Retirement Plan, St. John Health Pension Plan, St. Joseph Health System Pension Plan, St. Joseph Regional Medical Center Pension Plan, St. Mary's Healthcare Pension Plan, Genesys Regional Medical Center Retirement Plan, Via Christi Health Cash Balance Plan, Alexian Brothers Health System Basic Pension Plan, Alexian Brothers of San Jose, Inc. Bargaining Unit Pension Plan, Affinity Health System Retirement Plan, St. John Health System Employee Retirement Plan, and Ministry Health Care Employee Retirement Plan (collectively, the "Plan" or "Plans") on or before the Effective Date of Settlement (the "Class Period).

**3.     What does the Settlement provide?**

Thirty (30) days after the Final Approval Order approving the Settlement becomes Final and non-appealable, Ascension Health Alliance will make a one-time eight million dollar ($8,000,000) contribution to the Plans, allocated among the Plans in the sole discretion of Ascension Health Alliance.

Additionally, the Settlement provides significant non-monetary equitable consideration, in that the participants in the Plans will receive certain ERISA-like protections for the next seven and one-half years.  Barring a significant change in the law, the Plans will remain non-ERISA plans, but Ascension will guarantee that the Plans pay to participants the level of benefits

6

**Questions? Visit www.kellersettlements.com.**
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

provided for now by the Plans through June 30, 2022. Ascension has made similar financial commitments with respect to the Plans should there be a plan termination, merger or amendment. The Settlement also includes equitable consideration, mimicking certain provisions of ERISA, concerning plan administration, summary plan descriptions, notices (annual summaries, pension benefits statements, current benefit values), and the Plans' claim review procedure.

The above description of the operation of the Settlement is only a summary. The governing provisions are set forth in the Settlement Agreement, which may be obtained at www.kellersettlements.com.

**4.     What is the lawsuit about? What has happened so far?**

On March 28, 2013, a putative class action complaint was filed in this Court against Ascension Health and various other defendants alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The complaint alleged that Defendants denied the Plans' participants and beneficiaries the protections of ERISA by claiming that the Ascension Plans qualified as ERISA exempt "church plans." The complaint alleged that the Plans sponsored by Ascension—a large, non-profit healthcare entity—did not qualify as ERISA exempt church plans.

Defendants moved to dismiss the Complaint. The proceedings in connection with the motion to dismiss were extensive. The briefing consisted not only of the motion papers on the motion to dismiss itself, but further motion papers on the propriety of  the hundreds of pages of documents submitted by the defense in support of the motion. At oral argument the Court raised several issues and requested further briefing on certain issues, and set the matter for further argument. The Parties submitted further papers and documents and the continued oral argument was held on November 19, 2013.

The Court granted Defendant's motion to dismiss and entered judgment in Defendants' favor. Plaintiffs filed an appeal of the District Court's decision with the United States Court of Appeals for the Sixth Circuit.

The Settlement is the product of intensive, arm's-length negotiations between Class Counsel and Defense Counsel, with the assistance of a mediation program sponsored by the Sixth Circuit Court of Appeals.

**5.     Why is this case a class action?**

In a class action, one or more plaintiffs, called "named plaintiffs," sue on behalf of people who have similar claims. All of the individuals on whose behalf the Named Plaintiff in this Action is suing are "Class members," and they are also referred to in this Notice as members of the Settlement Class. The Court resolves the issues for all Class members. U.S. District Judge Avern Cohn is presiding over this case.

**Questions? Visit www.kellersettlements.com.**
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

**6.     Why is there a Settlement?**

Under the proposed Settlement, the Court will not decide the merits of the Action in favor of either the Plaintiff or the Defendants. By agreeing to a Settlement, both the Plaintiff and the Defendants avoid the costs, risks and delays of litigating the Action.

This Settlement is the product of extensive arm's-length negotiations between Plaintiff's Counsel and the Defendants' counsel, including utilizing the services of an experienced mediator. Throughout the Settlement negotiations, the Plaintiff and the Defendants were advised by various consultants and experts, including individuals with expertise in ERISA fiduciary liability issues, insurance coverage issues, and potential damages evaluations in cases involving ERISA fiduciary liability.

Plaintiff's Counsel believe that the proposed Settlement is fair, reasonable and adequate and in the best interest of the Class.

**7.     How will the Settlement be distributed to the Plans?**

Members of the Settlement Class do not need to do anything with respect to the Settlement in this Action.  Thirty (30) days after the Final Approval Order approving the Settlement becomes Final and non-appealable, Ascension Health Alliance will make a one-time eight million dollar ($8,000,000) contribution to the Plans, allocated among the Plans in the sole discretion of Ascension Health Alliance

**8.     What rights am I giving up in the Settlement?**

If the Settlement is approved, the Court will enter a judgment. This judgment will fully, finally, and forever release, relinquish, and discharge all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs arising out of the allegations of the Complaint that were brought or could have been brought as of the date of the Settlement Agreement, including any current or prospective challenge to the "Church Plan" status of the Plans.  Plaintiff, on behalf of herself and on behalf of the Settlement Class, hereby expressly waives and relinquishes, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides:  "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor and any and all provisions, rights and benefits of any similar statute, law or principle or common law of the United States, any state thereof, or any other jurisdiction."

Released Claims are not intended to include the release of any of the following: (1) Any rights or duties arising out of the Settlement Agreement, including the express warranties and covenants in the Settlement Agreement; (2)  Individual claims for benefits pursuant to the terms of the Plans' documents;  (3)  Should the Roman Catholic Church ever disassociate itself from a Plan's sponsor, as that term is defined in the respective Plan documents, any claim arising under ERISA with respect to any event occurring after such action by the Roman Catholic Church; and

8

**Questions? Visit www.kellersettlements.com.**
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

(4)   Any claim arising under ERISA with respect to any event occurring after the Internal Revenue Service issues a written ruling that a Plan does not qualify as a Church Plan; the United States Supreme Court holds that Church Plans must be established by a church or a convention or association of churches ; or an amendment to ERISA is enacted and becomes effective as a law of the United States specifying that a Church Plan must be established by a church or a convention or association of churches.

**9.      Can I exclude myself from the Settlement?**

You do not have the right to exclude yourself from the Settlement. For settlement purposes, the Action was certified under Federal Rule of Civil Procedure 23(b)(1) and/or 23(b)(2) (non-opt-out class) because the Court determined the requirements of that rule were satisfied. Thus, it is not possible for any of the members of the Settlement Class to exclude themselves from the Settlement. As a member of the Settlement Class, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action against the Defendants or are otherwise included in the release under the Settlement.

Although members of the Settlement Class cannot opt-out of the Settlement, they can object to the Settlement and ask the Court not to approve the Settlement.

### THE LAWYERS REPRESENTING YOU

**10.     Do I have a lawyer in the case?**

The law firms of Keller Rohrback L.L.P., Cohen Milstein Sellers & Toll, PLLC, and Stephen F. Wasinger PLC represent the Named Plaintiff and the Settlement Class ("Class Counsel"). You will not be charged directly by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**11.     How will the lawyers be paid?**

At the Fairness Hearing, Class Counsel will apply for an award of attorneys' fees and expenses. The application for attorneys' fees will not exceed the $2,000,000 contribution for attorneys' fees and expenses and Incentive Fee to the Named Plaintiff.  The attorneys' fees are separate from the $8 million dollar contribution to the Plans—the attorneys' fees will not reduce that contribution.

To date, Class Counsel has not received any payment for their services in prosecuting this Action on behalf of the Settlement Class, nor have counsel been reimbursed for their out-of-pocket expenses. The fee requested by Class Counsel would compensate all of Plaintiff's counsel for their efforts in achieving the Settlement for the benefit of the Settlement Class and for their risk in undertaking this representation on a contingency basis. The Court will determine the actual amount of the award.

9

**Questions? Visit www.kellersettlements.com.**
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

## OBJECTING TO THE SETTLEMENT

**12.     How do I tell the Court if I don't like the Settlement?**

Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the application for payment of attorneys' fees and expenses, or to the application for an incentive fee for the Named Plaintiff, may file an Objection in writing.  All written objections and supporting papers must: (1) clearly identify the case name and number "*Overall v. Ascension, Case No. 13-cv-11396-AC-LJM;*" (2) be filed with the Court and postmarked and mailed to Class Counsel and Defendants' Counsel at the addresses below on or before fourteen (14) days before the Fairness Hearing; (3) set forth your full name, current address, and telephone number; (4) set forth a statement of the position you wish to assert, including the factual and legal grounds for the position; (5) set forth the names and a summary of testimony of any witnesses that you might want to call in connection with the Objection; (6) provide copies of all documents that you wish to submit in support of his/her position; (7) provide the name(s), address(es) and phone number(s) of any attorney(s) representing you; and (8) state the name, court, and docket number of any class action litigation in which you and/or your attorney(s) has previously appeared as an objector or provided legal assistance with respect to an objection; and (9) include your signature.

The addresses for filing objections with the Court and service on counsel are listed below. **Your written objection must be filed with the Court, and mailed to the counsel listed below, postmarked (and sent via facsimile) by no later than _____, 2015:**

**File with the Clerk of the Court:**

> Clerk of the Court
> United States District Court
> Eastern District of Michigan
> 555 Theodore Levin US Courthouse
> 231 W. Lafayette Blvd.
> Detroit, MI  48226

**And, by the same date, serve copies of all such papers by mail and fax to each of the following:**

CLASS COUNSEL:

| | |
|---|---|
| Lynn Lincoln Sarko | Karen L. Handorf |
| KELLER ROHRBACK L.L.P. | COHEN MILSTEIN SELLERS |
| 1201 Third Avenue, Suite 3200 | & TOLL, PLLC |
| Seattle, WA 98101 | 845 Third Avenue |
| Fax: (206) 623-3384 | New York, NY 10022 |
| | Fax: (212) 486-2093 |

**Questions? Visit www.kellersettlements.com.**
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

Stephen F. Wasinger
STEPHEN F. WASINGER PLC
32121 Woodward Avenue, Suite 300
Royal Oak, MI 48073
Fax: (248) 544-1501

DEFENDANTS' COUNSEL:

Howard Shapiro                      Michael P. Coakley
Robert W. Rachal                    Brian M. Schwartz
Stacey C.S. Cerrone                 MILLER, CANFIELD, PADDOCK AND
PROSKAUER ROSE, LLP                 STONE, P.L.C.
650 Poydras Street, Suite 1800      150 W. Jefferson Avenue, Suite 2500
New Orleans, LA  70130              Detroit, MI 48226-4415
Fax (504) 310-2022                  Fax: (313) -496-8451

**UNLESS OTHERWISE ORDERED BY THE COURT, ANY MEMBER OF THE SETTLEMENT CLASS WHO DOES NOT OBJECT IN THE MANNER DESCRIBED HEREIN WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT AND THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND AN INCENTIVE FEE TO THE NAMED PLAINTIFF.**

### THE COURT'S FAIRNESS HEARING

**13.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at ____ _.m. on _____, 2015, at the United States District Court for the United States District Court, Eastern District of Michigan, 555 Theodore Levin US Courthouse, 231 W. Lafayette Blvd., Detroit, MI  48226.

**IF YOU DO NOT WISH TO OBJECT TO THE PROPOSED SETTLEMENT OR THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE FEE TO THE NAMED PLAINTIFF, YOU NEED NOT ATTEND THE FAIRNESS HEARING.**

At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motions for attorneys' fees and expenses and an incentive fee to the Named Plaintiff. We do not know how long these decisions will take.

**14.    Do I have to come to the hearing?**

Class Counsel will answer questions Judge Cohn may have. You are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, it will be before the Court when the Court

11

**Questions? Visit www.kellersettlements.com.**
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

considers whether to approve the Settlement as fair, reasonable and adequate. You may also have your own lawyer attend the Fairness Hearing at your expense, but such attendance is not necessary.

**15.     May I speak at the hearing?**

If you are a member of the Settlement Class and you have filed a timely objection, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Overall v. Ascension*, Case No. 13-cv-11396-AC-LJM." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be served on the attorneys listed above, postmarked and sent via facsimile no later than _____, 2015, and must be filed with the Clerk of the Court, postmarked no later than _____, 2015.

The Fairness Hearing may be delayed by the Court without further notice to the Class. If you wish to attend the Fairness Hearing, you should confirm the date and time with a member of Class Counsel.

## IF YOU DO NOTHING

**16.     What happens if I do nothing at all?**

If you do nothing and you are a Class member, you will participate in the Settlement as described above in this Notice if the Settlement is approved.

## GETTING MORE INFORMATION

**17.     How do I get more information?**

This Notice summarizes the proposed Settlement.  Full details of the Settlement are set forth in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to a member of Class Counsel listed above under item 12. Copies of the Settlement Agreement, as well as the Preliminary Motion seeking preliminary approval of the Settlement Agreement, and the Preliminary Approval Order, may also be viewed at www.kellersettlements.com.

DATED _____, 2015                           By Order of the Court

**Questions? Visit www.kellersettlements.com.**
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

**EXHIBIT 2**
**to**


**CLASS ACTION SETTLEMENT AGREEMENT**


**([PROPOSED] ORDER**
**AND FINAL JUDGMENT)**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| MARILYN OVERALL, on behalf of herself, individually, and on behalf of all others similarly situated, | ) ) ) | Civil No. 13-cv-11396-AC-LJM |
| | ) | Hon. Avern Cohn |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ASCENSION HEALTH, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## [PROPOSED] ORDER AND FINAL JUDGMENT

This litigation involves the claims for alleged violations of the Employee

Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq.

("ERISA"), set forth in Plaintiff's Class Action Complaint dated March 28, 2013,

with respect to the Ascension Plans.[1]

This matter came before the Court for a hearing pursuant to Federal Rule of

Civil Procedure 23 (e) and to the Order of this Court dated _____, 2015,

entered on _____ __, 2015, on the application of the Parties for approval of the

Settlement set forth in the Class Action Settlement Agreement, executed on May

_____

[1] This Judgment incorporates by reference the definitions in the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Judgment as if set forth fully here.

1

___, 2015, on behalf of the Parties.  Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered the Settlement Agreement, all papers filed and proceedings held herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all members of the Settlement Class.

2.      On _____, 2015, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1) or alternatively (b)(2), the Court preliminarily certified the following Settlement Class:

> All participants in or beneficiaries of any of the defined benefit pension plans maintained, sponsored, or claimed by Ascension as Church Plans, including but not limited to: Ascension Health Pension Plan, Borgess Health Alliance Pension Plan, Carondelet Health Pension Plan, Catholic Health Partners Pension Plan, Columbia Hospital Retirement Plan, St. John Health Pension Plan, St. Joseph Health System Pension Plan, St. Joseph Regional Medical Center Pension Plan, St. Mary's Healthcare Pension Plan, Genesys Regional Medical Center Retirement Plan, Via Christi Health Cash Balance Plan, Alexian Brothers Health System Basic Pension Plan, Alexian Brothers of San Jose, Inc. Bargaining Unit Pension Plan, Affinity Health System Retirement Plan, St. John Health System Employee Retirement Plan, and Ministry Health Care Employee Retirement Plan (collectively, the "Plan" or "Plans") on or before the Effective Date of Settlement (the "Class Period).

3.      The Court finds that the Settlement Class meets all requirements of Federal Rules of Civil Procedure 23(a) for certification of the class claims alleged in the Complaint, including (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of the class representative and Class Counsel.

2

4.      Additionally, the prerequisites of Rule 23(b)(1) have been satisfied, since the prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants; and (ii) adjudications with respect to individual Settlement Class members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

5.      Alternatively, the prerequisites of Rule 23(b)(2) have been satisfied, since Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole.

6.      Pursuant to Federal Rule of Civil Procedure 23(a) the Court finds that Plaintiff Marilyn Overall is a member of the Settlement Class, her claims are typical of those of the Settlement Class and she fairly and adequately protected the interests of the Settlement Class throughout the proceedings in this Action. Accordingly, the Court hereby appoints Marilyn Overall as class representative.

7.      Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement, and thus, hereby appoints Keller Rohrback L.L.P., Cohen Milstein Sellers & Toll, PLLC, and Stephen F. Wasinger PLC as Class Counsel to represent the members of the Settlement Class.

8.      Class Counsel is hereby awarded attorneys' fees pursuant to Federal Rule of Civil Procedure 23(h), in the amount of _____ which the Court finds to be fair and reasonable, and _____ in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Action. The attorneys'

fees and expenses so awarded shall be paid from the $2 million payment to Class Counsel pursuant to the terms of the Settlement Agreement. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

9.    Class Counsel has moved for a $15,000 Incentive Fee for Plaintiff Marilyn Overall. Defendants oppose the award of any Incentive Fee. The Court hereby [grants in the amount of $_____] [denies] Class Counsel's motion for an award of an Incentive Fee.

10.    The Court directed that Class Notice be given pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-appointed notice program: (1) On or about _____, 2015, Class Counsel posted the Settlement Agreement and Class Notice to the Settlement website: www.kellersettlements.com; and (2) On or about _____, 2015, Ascension Health Alliance mailed approximately _____ copies the Notice of Class Action Settlement to members of the Settlement Class.

11.    The Class Notice and Internet/Publication of Class Notice (collectively, the "Class Notices") advised members of the Settlement Class of the: terms of the Settlement: Final Fairness Hearing and the right to appear at such Final Fairness Hearing; inability to opt out of the Settlement Class; right to object to the Settlement, including the right to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses, or the incentive fee to the Marilyn Overall, as class representative; and the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Settlement Class, including the scope of the Released Claims described in Section 4 of the Settlement Agreement.

12.    The Class Notices met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution,

28 U.S.C. § 1715, and any other applicable law. The Court further finds that Notice in the form approved by the Court complied fully with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and that it constituted the best practicable notice under the Final circumstances. The Court further finds that the form of notice was concise, clear, and in plain, easily understood language, and was reasonably calculated under the circumstances to apprise of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, the right to object to the proposed Settlement, the right to appear at the Final Fairness Hearing, through counsel if desired, and the binding effect of a judgment on members of the Settlement Class, including the scope of the Released Claims described in Section 4 of the Settlement Agreement.

13.     The Court finds after a hearing and based upon all submissions of the Parties and interested persons that the Parties' proposed Settlement is fair, reasonable, and adequate. The Court also finds that the proposed Settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution, and other applicable law.  In so finding, the Court has considered and found that:

    a)     The Settlement provides for significant Plan administrative provisions which will enhance the retirement security of the members of the Settlement Class—in essence mimicking certain key ERISA provisions for the time period expiring on June 30, 2022.  Additionally, the Settlement provides for a monetary contribution to the Plans.

    b)     The terms and provisions of the Settlement were entered into by experienced counsel and only after extensive, arm's-length negotiations conducted for well over six months in good faith and with the assistance of a

mediator appointed by the Sixth Circuit. The Settlement is not the result of collusion.

c)      Those negotiations followed robust motion practice, including in support of their motion to dismiss, Defendants' submission of hundreds of pages of documents, all of which Class Counsel reviewed, and which Class Counsel moved to strike as being not subject to judicial notice. Class Counsel also responded to a motion to dismiss, responded to one amicus brief supporting Defendants at the district court level, filed their opening and reply briefs with the Sixth Circuit, and responded to three amicus briefs supporting Defendants at the appellate level. The absence of formal discovery in this case in no way undermines the integrity of the settlement given the extensive investigation that has occurred as a result of proceedings thus far.

d)      Those proceedings gave counsel opportunity to adequately assess this case's strengths and weaknesses – and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses. Class Counsel were cognizant that there was no guarantee of success in their appeal to the Sixth Circuit Court of Appeals of this Court's dismissal of the case.

e)      Approval of the Settlement will result in substantial savings of time, money and effort for the Court and the Parties, and will further the interests of justice. Defendants denied and continue to deny Plaintiff's claims and allegations against it, raised various factual and legal arguments in support of its vigorous defense in this Action, and this Court granted Defendants' Motion to Dismiss and entered judgment dismissing the action with prejudice.

14.     All members of the Settlement Class are bound by this Judgment and by the terms of the Settlement, including the scope of the Released Claims described in Section 4 of the Settlement.

15.     None of the Settlement, this Judgment, nor the fact of the Settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violating of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action. If the Settlement Agreement is not upheld on appeal, or is otherwise terminated for any reason, the Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by an party of any fact, matter, or position of law; all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

16.     The Court hereby dismisses with prejudice the action and all Released Claims identified in Section 4 of the Settlement against each and all Released Persons and without costs to any of the Parties as against the others. The Court hereby orders that on the Effective Date of this Settlement Agreement the Plaintiff, Marilyn Overall, as well as the members of the Settlement Class, release all claims and causes of action asserted against Defendants in the Complaint filed by Plaintiff in this Action, and any claims, causes of action damages, demands, rights, and liabilities of any kind or nature whatsoever, asserted or not, threatened or not, alleged or not, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or fixed, at law or in equity that arise out of or relate in any way to the facts alleged in the Action, and which have been or could have been asserted in the Action or another forum by Plaintiff or members of the Settlement Class against any of the Releasees: the Defendants, the Plans, any Person who served as a trustee, investment manager, service provider, record-

7

keeper, or named or functional fiduciary (including de facto fiduciaries) of the Plans, together with, for each of the foregoing, any and all predecessors, Successors-In-Interest, affiliates, associates, present and former Representatives, direct or indirect parents and subsidiaries, all counsel and any Person that controls, is controlled by, or is under common control with any of the foregoing, including, without limitation, every person who was a director, officer, governor, management committee member, in-house counsel, employee, or agent of Ascension Health, Ascension Health Alliance, Catholic Health Investment Management Company, and their subsidiaries and affiliates, together with, for each of the forgoing, any and all present or former Representatives, insurers, reinsurers, consultants, attorneys, administrators, employee benefit plans, investment advisors, investment underwriters, and spouses.

17.     It is further ordered that as of the Effective Date of this Settlement Agreement all members of the Settlement Class, release any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs arising out of the allegations of the Complaint that were brought or could have been brought as of the date of the Settlement Agreement, including any current or prospective challenge to the "Church Plan" status of the Plans.   In connection with the Released Claim(s), as of the Effective Date of this Settlement Agreement, each member of the Settlement Class is deemed to have waived any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code relinquishes, to the fullest extent permitted by law and equity, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his

settlement with the debtor and any and all provisions, rights and benefits of any similar statute, law or principle or common law of the United States, any state thereof, or any other jurisdiction.

18.     Released Claims are not intended to include the release of any of the following: (1) Any rights or duties arising out of the Settlement Agreement, including the express warranties and covenants in the Settlement Agreement; (2) Individual claims for benefits pursuant to the terms of the Plans' documents; (3) Should the Roman Catholic Church ever disassociate itself from a Plan's sponsor, as that term is defined in the respective plan documents, any claim arising under ERISA with respect to any event occurring after such action by the Roman Catholic Church; and (4) Any claim arising under ERISA with respect to any event occurring after the Internal Revenue Service issues a written ruling that a Plan does not qualify as a Church Plan; the United States Supreme Court holds that Church Plans must be established by a church or a convention or association of churches; or an amendment to ERISA is enacted and becomes effective as a law of the United States specifying that a Church Plan must be established by a church or a convention or association of churches.

19.     The Court retains jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

20.     The Court finds that no reason exists for delay in ordering final judgment, and the Clerk is hereby directed to enter this Judgment forthwith.

SO ORDERED this _____ day of _____, 2015.

_____
Hon. Avern Cohn, U.S.D.J.

9