## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARILYN OVERALL, on behalf of herself, individually, and on behalf of all others similarly situated, | )<br>)   Civil No. 13-cv-11396-AC-LJM<br>)<br>)   Hon. Avern Cohn |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ASCENSION HEALTH, et al. | ) |
| | ) |
| Defendants. | ) |

## ORDER PRELIMINARILY APPROVING SETTLEMENT, NOTICE PROCEDURES AND CONFIRMING FINAL SETTLEMENT HEARING

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), with respect to all Ascension plans currently operated as or claimed by Ascension to be church plans[1] as of the date the Settlement becomes final and non-appealable.[2]

---

[1] Including but not limited to: Ascension Health Pension Plan, Borgess Health Alliance Pension Plan, Carondelet Health Pension Plan, Catholic Health Partners Pension Plan, Columbia Hospital Retirement Plan, St. John Health Pension Plan, St. Joseph Health System Pension Plan, St. Joseph Regional Medical Center Pension Plan, St. Mary's Healthcare Pension Plan, Genesys Regional Medical Center Retirement Plan, Via Christi Health Cash Balance Plan, Alexian Brothers Health System Basic Pension Plan, Alexian Brothers of San Jose, Inc. Bargaining Unit Pension Plan, Affinity Health System Retirement Plan, St. John Health System Employee Retirement Plan, and Ministry Health Care Employee Retirement Plan (collectively, the "Plan" or "Plans").

[2] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the Class Action Settlement Agreement.

Presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants. The terms of the Settlement are set forth in the Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement"), executed by counsel on May 7, 2015 on behalf of the Parties. Plaintiff has filed a Motion for Preliminary Approval of the Settlement, pursuant to which the Court has considered the Settlement to determine, among other things, whether to approve preliminarily the Settlement, certify preliminarily a Settlement Class, authorize the dissemination of Class Notice to members of the Settlement Class, and set a date and time for the Final Fairness Hearing. Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.     <u>Class Findings.</u>  The Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the "Settlement Class" defined below, in that:

a)     The Court preliminarily finds that the Settlement Class is ascertainable from records kept with respect to the Plans and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable. Rule 23(a)(1) is satisfied.

b)      The Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class.  Rule 23(a)(2) is satisfied.

c)      The Court preliminarily finds that the Named Plaintiff's claims are typical of the claims of the Settlement Class.  Rule 23(a)(3) is satisfied.

d)      The Court preliminarily finds that the Named Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the Named Plaintiff's interests and the nature of claims alleged are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among the Named Plaintiff and the Settlement Class; and (iii) the Named Plaintiff and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.  Rule 23(a)(4) is satisfied.

e)      The Court preliminarily finds that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for Defendants; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.  Rule 23(b)(1) is

satisfied.

    f)  Alternatively, the Court preliminarily finds that Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, and such conduct may be subject to appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole.  Rule 23(b)(2) is satisfied.

    g)  The Court preliminarily finds that Keller Rohrback L.L.P., Cohen Milstein Sellers & Toll, PLLC, and Stephen F. Wasinger PLC ("Class Counsel") are capable of fairly and adequately representing the interests of the Settlement Class.  Class Counsel have done extensive work identifying or investigating potential claims in the action, have litigated the validity of those claims through the motion to dismiss the case.  Class Counsel are experienced in handling class actions, other complex litigation, and claims of the type asserted in the Action.  Class Counsel are knowledgeable about the applicable law, and have committed the necessary resources to represent the Settlement Class. Rule 23(g) is satisfied.

    2.  <u>Class Certification</u>. Based on the findings set forth above, the Court preliminarily certifies the following class under Federal Rules of Civil Procedure 23(b)(1) and/or (2) and 23(e) in this litigation (the "Settlement Class"):

> All participants in or beneficiaries of any of the defined benefit
> pension plans maintained, sponsored, or claimed by Ascension as

4

Church Plans, including but not limited to: Ascension Health Pension Plan, Borgess Health Alliance Pension Plan, Carondelet Health Pension Plan, Catholic Health Partners Pension Plan, Columbia Hospital Retirement Plan, St. John Health Pension Plan, St. Joseph Health System Pension Plan, St. Joseph Regional Medical Center Pension Plan, St. Mary's Healthcare Pension Plan, Genesys Regional Medical Center Retirement Plan, Via Christi Health Cash Balance Plan, Alexian Brothers Health System Basic Pension Plan, Alexian Brothers of San Jose, Inc. Bargaining Unit Pension Plan, Affinity Health System Retirement Plan, St. John Health System Employee Retirement Plan, and Ministry Health Care Employee Retirement Plan (collectively, the "Plan" or "Plans") on or before the Effective Date of Settlement (the "Class Period).

The Court preliminarily appoints Marilyn Overall, the Named Plaintiff, as the class representative for the Settlement Class, and Keller Rohrback L.L.P., Cohen Milstein Sellers & Toll, PLLC and Stephen F. Wasinger PLC as Class Counsel for the Settlement Class.

3.     Preliminary Findings Regarding Proposed Settlement.  The Court preliminarily finds that: (a) the proposed Settlement resulted from informed, extensive arm's-length negotiations, including participating in the mediation program sponsored by the Sixth Circuit; (b) Class Counsel has concluded that the proposed Settlement is fair, reasonable, and adequate; and (c) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

4.     Final Fairness Hearing.  A hearing is scheduled for September 17, 2015, at 11:00 a.m. (the "Fairness Hearing") to determine, among other things:

5

(a)     Whether the Settlement should be approved as fair, reasonable, and adequate;

(b)     Whether the Complaint should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

(c)     Whether the Class Notice provided for by the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(d)     Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

(e)     Whether the application for payment for attorneys' fees and expenses to Class Counsel should be approved; and

(f)     Whether the application for an incentive fee for the Named Plaintiff should be approved.

5.     <u>Class Notice</u>. A proposed form of Class Notice is attached hereto as Exhibit A. With respect to such form of Class Notice, the Court finds that

such form fairly and adequately: (a) describes the terms and effect of the

Settlement Agreement; (b) notifies the Settlement Class that Class Counsels'

attorney fees and expenses, and Named Plaintiff's incentive fee, paid according to

¶¶ 8.1.3 and 8.1.4 of the Settlement Agreement; (c) gives notice to the Settlement

Class of the time and place of the Fairness Hearing; and (e) describes how the

recipients of the Class Notice may object to any of the relief requested.  The Court

directs that Class Counsel shall:

      (a)    By no later than sixty (60) days before the Fairness Hearing,

cause the Class Notice, with such non-substantive modifications thereto as may

be agreed upon by the Parties, to be sent to each Person within the Settlement

Class who can be identified by the Plans' current recordkeeper.  Such notice shall

be in a form that the Parties have deemed to be cost effective, sent to the last

known address for members of the Settlement Class.  Ascension Health Alliance

will pay the cost for notice to the Settlement Class as part of the settlement

administration.

      (b)    By no later than sixty (60) days before the Fairness Hearing,

cause the Settlement Agreement and the Class Notice to be published on the

website identified in the Class Notice.

(c)     At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing Class Notice mailing and publication requirements.

(d)     By no later than thirty-one (31) days before the Fairness Hearing, Class Counsel shall file motions for final approval of the Settlement, attorneys' fees and expenses, and an incentive fee to the Named Plaintiff.

6.     <u>Objections to Settlement</u>.  Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the application for payment of attorneys' fees and expenses, or to the application for an incentive fee for the Named Plaintiff, may timely file an Objection in writing no later than September 3, 2015 [fourteen (14) days prior to the Fairness Hearing].   All written objections and supporting papers must: (1) clearly identify the case name and number "*Overall v. Ascension, Case No. 13-cv-11396-AC-LJM*;" (2) be filed with the Court and postmarked and mailed to Class Counsel and Defendants' Counsel at the addresses below on or before fourteen (14) days before the Fairness Hearing; (3) set forth the objector's full name, current address, and telephone number; (4) set forth a statement of the position the objector wishes to assert, including the factual and legal grounds for the position; (5) set forth the names and a summary of testimony of any witnesses that the objector might want to call in connection with

8

the Objection; (6) provide copies of all documents that the objector wishes to submit in support of his/her position; (7) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the objector; and (8) state the name, court, and docket number of any class action litigation in which the objector and/or his/her attorney(s) has previously appeared as an objector or provided legal assistance with respect to an objection; and (9) include the objector's signature.

The addresses for filing objections with the Court and service on counsel are as follows:

To the Court:

Clerk of the Court
United States District Court
Eastern District of Michigan
555 Theodore Levin US Courthouse
231 W. Lafayette Blvd.
Detroit, MI  48226

Re:  <u>Overall v. Ascension</u>, No. 13-cv-11396-AC-LJM

To Class Counsel:

Lynn Lincoln Sarko, Esq.
KELLER ROHRBACK L.L.P
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Fax: (206) 623-3384

Karen L. Handorf
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005
Fax: (202) 408-4699

Stephen F. Wasinger
STEPHEN F. WASINGER PLC
300 Balmoral Centre
32121 Woodward Avenue
Royal Oak, MI  48073-0999
Fax: (248) 544-1501

To Defendants' Counsel:

Howard Shapiro
Robert W. Rachal
Stacey C.S. Cerrone
PROSKAUER ROSE, LLP
650 Poydras Street, Suite 1800
New Orleans, LA  70130
Fax (504) 310-2022

Michael P. Coakley
Brian M. Schwartz
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 W. Jefferson Avenue, Suite 2500
Detroit, MI 48226-4415
Fax: (313) 496-8451

If an objector hires an attorney to represent him or her for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than fourteen (14) days before the date of the Fairness Hearing. Any member of the Settlement Class or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

7.     <u>Appearance at Fairness Hearing</u>.  Any objector who files and serves a timely, written objection in accordance with paragraph 6 above, may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and on the Defendants' counsel (at the addresses set out above).  The objector must also file the notice of intention to appear with the Court by no later than fourteen (14) days before the date of the Fairness Hearing.  Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

8.     <u>Notice Expenses</u>.  The expenses of printing and mailing all notices required hereby shall be paid by Ascension Health Alliance as provided in Paragraph 8.2 of the Settlement Agreement.

9.     <u>Service of Papers</u>.  Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

10.   <u>Termination of Settlement</u>.  This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement.  In such event, Section 10 of the Settlement Agreement shall govern the rights of the parties.

11.   <u>Use of Order</u>.  In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against the Defendants, the Named Plaintiff or the Settlement Class.

12.   <u>Continuance of Hearing</u>.  The Court may continue the Final Fairness Hearing without further written notice.

SO ORDERED this 11<u>th</u> day of <u> May</u>, 2015.


<u>s/Avern Cohn</u>
U.S. District Judge

12